**Uno HELGESSON, Defendant, Appellant,**

v.

**Jeanne HELGESSON, Plaintiff, Appellee.**

No. 5861.

United States Court of Appeals

First Circuit.

Oct. 13, 1961.

Edward E. Cohen, Boston, Mass., for appellant.

James G. Walsh, Jr., Boston, Mass., with whom Sydney Berkman and Widett & Kruger, Boston, Mass., were on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

PER CURIAM.

In this diversity action on a foreign judgment for alimony the opinion of the district court, 1961, 196 F.Supp. 42, granting plaintiff's motion for summary judgment adequately disposed of the defenses advanced before that court. An additional defense is sought to be asserted here. The record shows that the defendant was aware of the existence of this defense, if in fact it is one, prior to the hearing on the motion. It is too late now, both because it is an affirmative defense and was not pleaded, and because it was not raised at the hearing by affidavit. The purpose of summary judgment procedure is prompt disposition, not second guessing on appeal.

Defendant also questions here the existence of the jurisdictional amount. It is, of course, never too late to do this. However, defendant fails to distinguish between alimony and support of minor children. These are two different matters. Cf. Commissioner v. Lester, 1961, 366 U.S. 299, 81 S.Ct. 1343, 6 L.Ed. 2d 306. Current payments as to one cannot be used to discharge or offset the other. Under the terms of the judgment more than $10,000 in alimony was due and unpaid.

Affirmed.