JAMES M. HENCHEY, special administrator, vs. ELEANOR H. Cox & another.

Middlesex.    February 5, 1965. — April 2, 1965.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ.

*Undue Influence. Res Judicata. Privity. Estoppel. Probate Court, Appeal.*

A special administrator of a decedent's estate, who sought in a probate proceeding the return to the estate from nieces of the decedent of certain property allegedly obtained by them by undue influence exercised by them on the decedent, was not in privity with the contestant in a

prior proceeding for proof of the decedent's will in which a decree had been entered disallowing the will by reason of undue influence of the nieces, and they in the later proceeding were not estopped by the decree or facts found in the earlier proceeding from proving that they did not obtain the property by undue influence. [746]

In a contested will case in which a decree was entered disallowing the will as made under undue influence exercised on the decedent by her nieces, a finding to the effect that bank accounts had been obtained by one of the nieces by undue influence exercised by them on the decedent was not essential to the decree and did not estop the nieces, in a subsequent proceeding against them by a special administrator of the decedent's estate to secure return of the bank accounts to the estate, from proving that they had not exercised undue influence on the decedent with respect to the accounts. [746-747]

Upon appeal from a Probate Court decree favorable to the respondent in a proceeding by a decedent's personal representative to secure the return to the decedent's estate of certain bank accounts allegedly transferred by the decedent to joint ownership with the respondent by reason of the respondent's undue influence, the question whether the transfers were intended as gifts to the respondent, not having been raised in the Probate Court, could not be raised by the petitioner for the first time in this court. [747]

In a probate proceeding by a decedent's personal representative to secure return to the estate of bank accounts and stock allegedly obtained by the respondents, nieces of the decedent, by undue influence, evidence of the circumstances in which the decedent, after her discharge from a hospital following a serious illness and while she was "weak . . ., upset and melancholy but . . . very independent . . ., alert . . . and capable of transacting her normal business," transferred the accounts and stock from her own name to herself and one or the other of the respondents as joint tenants supported findings of the trial judge and his conclusion therefrom that the transfers were not procured by the exercise of undue influence. [744-745, 747]

PETITION IN EQUITY filed in the Probate Court for the county of Middlesex on March 19, 1962.

The case was heard by *Sullivan,* J.

*Stanley P. Roketenetz, Jr.,* for the petitioner.

*Monroe L. Inker* for the respondents.

SPIEGEL, J. The petitioner, as special administrator of the estate of Marion F. Orne, seeks the return of certain property originally owned by the decedent. The probate judge entered a decree favorable to the respondents, from which the petitioner appealed. After a full hearing the judge made a report of material facts. The evidence is reported.

The petition alleges that "the respondents are the nieces

of the decedent and that . . . [they] obtained from the decedent by the exercise of undue influence over . . . [her] the transfer of . . . [a]ccounts numbered 21573 and 25381 on deposit in the Winter Hill Savings & Loan Association . . . and bank account numbered 33980 on deposit in the Middlesex Federal Savings & Loan Association . . . , all of said bank accounts now standing in the names of the respondents, jointly, and also the transfer of 10 shares of stock of the United Shoe Machinery Corporation, and a checking account in the Somerville National Bank . . . and that the . . . respondents subsequent to [the] death of the decedent went to . . . [her] home . . . and took . . . various documents, papers and items of personal property belonging to . . . [her] estate . . ., and also have in their possession certain other properties and assets of the deceased.''

We summarize the pertinent findings of the judge. From July 29 to August 5, 1959, the decedent remained at the Massachusetts Osteopathic Hospital, wherein '' [s]he signed slips for transfusion and surgery, and arranged for the payment of her hospital bills.'' During a period after her discharge from the hospital, she was ''weak . . ., upset and melancholy but . . . very independent . . ., alert . . . and capable of transacting her normal business.'' ''On August 13, 1959, . . . [the decedent] called Eleanor Cox and stated that she wanted to withdraw some money . . . and that she wanted Eleanor Cox to be a joint tenant with her in the savings accounts.'' ''On August 13, 1959, . . . [the decedent] accompanied by Eleanor Cox went to the Winter Hill Federal Savings and Loan Association and . . . requested the teller to place the name of Eleanor Cox on one of the accounts as a joint tenant with her. On the same day, . . . at . . . [the decedent's] request, [they] went to the Middlesex Federal Savings and Loan Association and the Account No. 33980 was placed in the name of Eleanor Cox, joint tenant with . . . [the decedent].'' She also created a joint account with Eleanor Cox at the Somerville National Bank ''because . . . [she] was about to enter the . . . [hospital] again and wanted to make it pos-

sible for Eleanor Cox to draw on this account to pay her
bills." Her doctor advised her not to stay in her own
home. On August 23, 1959, she voluntarily moved to the
home of Doris Ladd where she spoke to neighbors and
others and was free to come and go as she wished. "On
September 2, 1959, she placed Doris Ladd's name on the
United Shoe Machinery Corp[oration] stock as a joint ten-
ant. This was done without any pressure being exerted
upon her by Doris Ladd or Eleanor Cox." "After the
death of the decedent, Eleanor Cox went to the deceased's
home and took . . . certain papers and deeds and letters
without authority."

The judge concluded that "the bank accounts and stock
which the petitioner seeks to return to the [decedent's]
estate . . . were not procured from the decedent by the
exercise of undue influence, . . . that the title to the bank
accounts was in Eleanor H. Cox['s] name, . . . that the
title to the shares of stock was in Doris Ladd's name and
that the papers, deeds, [and] documents removed from the
home of the deceased by Eleanor H. Cox [should] be
returned to the . . . [petitioner]." The decree stated:
"1. That the bank accounts, #21573 and #25381, on de-
posit in the Winter Hill Savings & Loan Association . . .
are the property of . . . Eleanor H. Cox. 2. That the
bank account #33980 on deposit in the Middlesex Federal
Savings & Loan Association . . . is also the property of
. . . Eleanor H. Cox. 3. That the respondents are . . .
to turn over to . . . [the petitioner] all policies, letters,
check stubs, deeds, stock certificates, dog license, jewelry,
income tax returns and documents of all kinds belonging to
the estate of" the decedent.[1]

During the trial, the petitioner objected to the introduc-
tion of evidence by the respondents which tended to show
that the respondents did not obtain the transfer of bank
accounts and stock by the exercise of undue influence over

---

[1] No reference is made in the decree as to the ownership of the checking
account in the Somerville National Bank. This account was listed in the
petition for the purpose of such a determination. However, the petitioner
does not mention the omission in his brief, and any objection to the decree in
this regard is therefore deemed waived.

the decedent. In this connection, the petitioner also moved to strike all evidence tending to contradict the findings of the probate judge in *Cox* v. *Wall*, 343 Mass. 542. The judge in the instant matter overruled the objections and denied the motion. He also excluded the transcript of evidence, the judge's report of material facts and the brief of the petitioner in *Cox* v. *Wall, supra.* That case concerned a petition filed in the Probate Court for the proof of the decedent's will of September 11, 1959. The judge there concluded that the will was procured by the exercise of undue influence over the deceased and entered a decree disallowing the instrument. That decree was here affirmed. *Cox* v. *Wall*, 343 Mass. 542, 547. The judge there also found that, "because of the undue influence of . . . [Eleanor H. Cox and Doris Ladd], the . . . [decedent] had on August 13, 1959, transferred bank accounts totaling $20,000 from her own name to the names of the . . . [decedent] and Eleanor H. Cox, jointly, or to the survivor of them." *Id.* at 546. The petitioner on this basis contends that the "exclusion of [the] transcript, report of material facts and brief of the petitioner in the case of *Cox* v. *Wall* [*supra*] . . . was improper under the doctrine of collateral estoppel by judgment." On the same ground, the petitioner argues that the "overruling of the petitioner's objections to the introduction of evidence by the respondents for the purpose of showing that the respondents did not exercise undue influence upon the decedent . . . and [the] denial of the petitioner's . . . motion to strike such evidence were improper."

There was no error. The petitioner is not in privity with the contestant in *Cox* v. *Wall*, and thus cannot take advantage of the decree or the facts forming the basis therefor in that case to create a collateral estoppel in the case at bar. See *MacCormac* v. *Murphy*, 322 Mass. 228, 231; *Wishnewsky* v. *Saugus*, 325 Mass. 191, 196; *Albernaz* v. *Fall River*, 346 Mass. 336, 339–340; Freeman, Judgments (5th ed.) §§ 438, 439, 670, 671; Restatement: Judgments, § 93. Furthermore, the finding of the probate judge in *Cox* v. *Wall*, that the transfers of the bank accounts were procured

by the undue influence of the present respondents, was not essential to the decree in that case that the decedent's will of September 11, 1959, was procured by undue influence. Consequently, the finding cannot effect a collateral estoppel in the present case. *Olsen* v. *Olsen,* 294 Mass. 507, 509. *Cambria* v. *Jeffery,* 307 Mass. 49, 50. *Wishnewsky* v. *Saugus,* 325 Mass. 191, 194–195. Freeman, Judgments (5th ed.) §§ 697–698. Restatement: Judgments, § 68.

Apart from the issue of undue influence, the petitioner raises the question whether the transfers of the bank accounts were intended as gifts to the respondent Cox. This question was not raised by the petitioner in his pleadings, and was not considered by the probate judge. Not having been tried below, it cannot here be raised for the first time. *Donahue* v. *Dal, Inc.* 314 Mass. 460, 463. *Foster* v. *Everett,* 334 Mass. 14, 18. *Commonwealth* v. *Lewis,* 346 Mass. 373, 383.

The petitioner also contends that the judge was plainly wrong in not finding undue influence. We are of opinion that the evidence is sufficient to support his findings, and see no reason to disturb his conclusion that the transfers were not procured by the exercise of undue influence. *Neill* v. *Brackett,* 234 Mass. 367, 370. *O'Brien* v. *Wellesley College,* 346 Mass. 162, 171–172. Compare *Cox* v. *Wall,* 343 Mass. 542, and cases cited therein at 546–547.

We note, with regard to the ten shares of stock in the United Shoe Machinery Corporation, that the evidence and report of material facts are inconsistent with the decree. Therefore, the decree is to be modified by striking the third paragraph therefrom and inserting in place thereof the following:

"3. That the ten shares of stock in the United Shoe Machinery Corporation are the property of Doris Ladd.

"4. That the respondents are herewith ordered to turn over to the petitioner all policies, letters, check stubs, deeds, dog license, jewelry, income tax returns and documents of all kinds belonging to the estate of Marion F. Orne."

The decree, as so modified, is affirmed.

*So ordered.*