**SCHMITT, Trustee in Bankruptcy of Gold Medal Packing Corporation, Plaintiff,**

v.

**Eli JACOBSON and M. Howard Jacobson, Defendants.**

**Civ. A. No. 62–945.**

United States District Court
D. Massachusetts.

Sept. 13, 1967.

**302**

Francis J. DiMento, DiMento & Sullivan, Boston, Mass., for plaintiff.

John M. Harrington, Jr., Boston, Mass., for defendants.

## OPINION

CAFFREY, District Judge.

This is a civil action in which the substitute plaintiff is the trustee in bankruptcy of Gold Medal Packing Corporation, a corporation organized under the laws of New York, with a principal place of business in Utica, New York. The defendants, Eli Jacobson and M. Howard Jacobson, are residents of Worcester, Massachusetts. The Gold Medal Packing Corporation was engaged in the business of processing, packing and distributing meat and meat products, principal-

ly sausage, smoked meats and so-called meat specialties.

The gravamen of the complaint is set out in paragraphs 5 and 6 thereof, which read as follows:

"5.  In violation of his fiduciary obligations to the Plaintiff corporation, from November, 1959 to December 21, 1961, said Defendant Eli Jacobson wrongfully, unlawfully and improperly purchased on behalf of the Plaintiff corporation various meat products from three of the aforementioned corporations controlled by said Defendant Eli Jacobson, namely, Chicago Dressed Beef Inc., Western Pork Packers, Inc. and Central Packing Company at prices substantially higher than the then existing market prices for said meat products and the said meat products were of highly inferior quality in cut and trim and at times of poor and unsalable quality.

On numerous occasions during said period said Eli Jacobson caused to be sold to the Plaintiff corporation by the aforementioned corporations under his control imported mutton meat as 'boneless meat' and caused the processed sausage products produced therefrom by the Plaintiff corporation to be mislabeled. Prior to this period of time the Plaintiff corporation had never used any mutton meat in the manufacture of its products. As a result of the said sales of mutton meat to the Plaintiff corporation, the Plaintiff's products were so inferior in quality that substantial business was lost thereby and great loss has been caused to the Plaintiff corporation.

In further violation of his fiduciary obligations to the Plaintiff corporation during the aforementioned period of time, said Defendant, Eli Jacobson wrongfully, unlawfully and improperly purchased on behalf of the Plaintiff

corporation certain raw materials and corrugated cartons from corporations controlled by said Defendant, Eli Jacobson, at prices substantially higher than the then existing market prices for said raw materials and corrugated cartons, causing great loss to the Plaintiff.

6. In violation of his fiduciary obligations to the Plaintiff corporation, during the aforementioned period, said Defendant Eli Jacobson wrongfully, unlawfully and improperly caused various meat products to be sold by the Plaintiff corporation to corporations controlled by said Defendant Eli Jacobson at prices substantially lower than the then existing market prices for said various meat products, causing great loss to the plaintiff."

The defendants filed an answer denying the allegations contained in paragraphs 5 and 6 of the complaint, and thereafter the defendants filed a motion for summary judgment based on the defense of *res judicata*. This defense in turn is premised on a prior judgment entered in a case in the Supreme Court, County of Oneida, State of New York, captioned Gold Medal Packing Corporation v. Chicago Dressed Beef Co., Inc., Central Packing Co., Inc. and Western Pork Packers, Inc. The authenticity of various documents from the records of the New York State court case has been established through the use of Rule 36 requests for admission of facts.

Briefly stated, the defendants contend in their motion for summary judgment that the issues of fact raised by the above-quoted paragraphs 5 and 6 of the instant complaint should be treated by this Court as *res judicata* in their favor by reason of the final judgment entered on August 24, 1965 in the New York State court. This contention in turn is premised on the fact that the judgment entered in New York was favorable to the three defendants despite the follow-

ing quoted allegations from the complaint filed in the New York case:

"TWENTIETH: That from and during the period November 1959 to 1962, said Eli Jacobson, in violation of his fiduciary duty to plaintiff corporation, wrongfully, improperly and unlawfully purchased on behalf of the plaintiff corporation various meats and meat products from the defendant corporations of which he was a Director, Officer and/or Stockholder as aforesaid, at prices substantially higher than the then existing market prices for said meats and meat products and the said meats and meat products were of highly inferior quality in cut and trim and at times were of poor and unsalable quality, thereby wrongfully, unlawfully and improperly causing plaintiff corporation to become indebted to defendant corporations.

TWENTY-FIRST: That on various occasions during said period the said Eli Jacobson caused to be sold to the plaintiff corporation by the defendant corporations herein under his control as aforesaid, imported mutton meat as 'boneless meat' and caused the processed sausage products produced therefrom by the plaintiff corporation to be mislabelled, thereby wrongfully, unlawfully and improperly causing plaintiff corporation to become indebted to defendant corporations.

TWENTY-SECOND: That on various occasions during said period of time as aforesaid, and in violation of his fiduciary duty to the plaintiff corporation, the said Eli Jacobson wrongfully, unlawfully, and improperly caused various meats and meat products to be sold by the plaintiff corporation to the defendant corporations, owned and controlled by said Eli Jacobson, at prices substantially lower than the then existing market prices for said various meats and meat products thereby wrongfully, unlawfully and improperly causing plaintiff corporation to become indebted to defendant corporations."

In support of this contention the defendants urge upon this Court the de-

cision of Chief Judge Wyzanski in Eisel v. Columbia Packing Company, 181 F. Supp. 298 (D.Mass.1960), which thereafter received the express approval of the Supreme Judicial Court of Massachusetts in Albernaz, et al. v. City of Fall River, et al., 346 Mass. 336, 339, 191 N.E.2d 771 (1963) as a correct statement of both the present state of Massachusetts law and the trend of judicial decision generally in this area of the law.

At the conclusion of the New York trial the parties filed requests for findings of fact and rulings of law. In response thereto the trial judge, the Honorable J. Robert Lynch, made the following findings of fact which are relevant herein:

"13. That the defendants charge the plaintiff fair market prices.

14. That the amounts remaining unpaid to the respective defendants were justly due and owing.

15. That the plaintiff has failed to prove that it has been damaged through any substantial amount of meat of unmerchantable quality having been sold it by any defendant.

16. That the plaintiff has failed to prove that it has been damaged through the use of mutton in its sausage products."

Judge Lynch also made the following pertinent ruling of law:

"FIRST: While Eli Jacobson was a common officer and director of Gold Medal and the three defendant corporations during the period 1960–1961, there is no proof that he, in any way, during this period, violated his fiduciary duty to Gold Medal."

It is thus clear that the instant case, on the present state of the record, presents a situation in which the defendants are properly using the New York judgment defensively against the plaintiff on the basis of the doctrine of collateral estoppel. The record of the case in New York shows that plaintiff has had a fair opportunity procedurally, substantively and evidentially to pursue the instant claim previously in the New York Court. It is equally clear that the defendants in the instant case as officers of the corporations which were the defendants in the New York litigation have such a factual relationship to those first (New York) defendants that it is equitable to give the defendants herein the benefit of the first defendants' victory in New York. On this record there is no inequity in allowing the present defendants to invoke the doctrine of collateral estoppel defensively, having in mind that such use of collateral estoppel *defensively* as distinguished from *offensively* has again been approved by the Massachusetts Supreme Judicial Court in Henchey v. Cox, 348 Mass. 742, 746, 205 N.E.2d 715 (1965).

The motion for summary judgment is allowed.