MANGANARO DRYWALL, INC. *vs.* PENN-SIMON CONSTRUCTION
COMPANY & others.

Suffolk.   April 10, 1970. — June 12, 1970.

Present: WILKINS, C.J., SPALDING, CUTTER, REARDON, & QUIRICO, JJ.

*Contract,* Validity, For interest, Penalty. *Interest. Penalty. Practice,
Civil,* Summary judgment.

Respecting an agreement between a plaintiff, an unpaid subcontractor,
and the defendant, a general contractor, reciting that the defendant
had requested the plaintiff to reduce its claim to an agreed amount
and to waive interest thereon, and providing that the agreed amount
was due and owing on the date upon which the plaintiff had com-
pleted performance, that the defendant would pay it in eight monthly
instalments, that the plaintiff would not bring suit for that amount
"as long as payments are made in accordance with" the instalment
schedule, and that if the defendant failed to pay any instalment the
agreed amount or any unpaid portion thereof would immediately be-
come due and payable, it was held that a further provision in the
agreement, that upon such failure the defendant would also pay in-
terest on the entire agreed amount at the rate of six per cent per
annum from the date of the plaintiff's completion of performance, was
not, as contended by the defendant, void as "unconscionable" and
"contrary to public policy" in that it did not take into account pay-
ment of instalments of the agreed amount [657]; and that where the
defendant, after paying four such instalments, defaulted on the re-
maining four, the difference between interest calculated on the entire
agreed amount and interest calculated on the balances due after
crediting the defendant with the four instalments paid was not so
disproportionate to the plaintiff's damages as to constitute an un-
enforceable penalty [657–658].
In an action for an unpaid balance of an amount agreed upon as due the
plaintiff and for agreed interest, where it appeared that the plaintiff
filed a motion for summary judgment under G. L. c. 231, § 59, and
that the defendant's counter affidavit did not raise any issue of fact
as to interest, it was held that an issue of fact as to interest could not
be raised before this court for the first time by the defendant in its
brief. [658–659]

CONTRACT.   Writ in the Superior Court dated June 26,
1969.

A motion for summary judgment by the plaintiff was allowed by *Moynihan,* J., and the defendant appealed.

The case was submitted on briefs.

*Morris Michelson* for the defendants.

*Joseph M. Corwin & Sally A. Corwin* for the plaintiff.

QUIRICO, J. This is an appeal from an order allowing a motion for judgment on undisputed facts under G. L. c. 231, § 59, as amended through St. 1965, c. 491, § 1.

On April 16, 1968, Manganaro Drywall, Inc. (plaintiff), and Penn-Simon Construction Company (defendant) entered into a written contract under which the plaintiff was to perform certain work and furnish certain materials in connection with several buildings being constructed by the defendant. Transamerica Insurance Company (surety) was the surety on a performance and payment bond given by the defendant as security for the defendant's performance of its contract to build the buildings in question and to "pay all persons who have contracts directly with Principal [defendant] for labor or materials furnished" in the construction of such buildings.

The plaintiff completed performance of its contract by September 1, 1968, and it claimed that a balance of $81,117.36 was due it by the defendant as of that date. On January 15, 1969, the plaintiff and the defendant entered into a written agreement which first recited that the defendant requested the plaintiff to reduce its claim to $78,117.36, to grant the defendant additional time to pay that amount, to waive interest thereon, and to refrain from suing the defendant or the surety to collect the balance. The agreement then provided (a) that the agreed balance was $78,117.36; (b) that it was due and owing on September 1, 1968, for work theretofore properly performed by the plaintiff; (c) that the defendant would pay the agreed balance in instalments of $10,000 on January 20, a like instalment on the fifteenth day of each month from February through July inclusive, and a final instalment of $8,117.36 on August 15, 1969; (d) that the plaintiff would refrain from demanding or suing for the balance "as long as pay-

ments are made in accordance with" the agreed instalment payment schedule; and (e) that "[i]f Penn Simon fails to make any payment to Manganaro as set forth in paragraph 2 [reciting instalment payment schedule], the agreement of Manganaro to refrain from making demand or filing suit against Penn Simon and its surety will cease and the $78,117.36 or any unpaid portion thereof, *plus interest on $78,117.36 at the rate of 6% per annum from September 1, 1968, will become immediately due and payable to Manganaro*" [1] (emphasis supplied).

The defendant made payments of $10,000 each under the agreement on or about January 24, February 25, March 28 and April 25, 1969; but it failed to pay the balance of $38,117.36. On June 26, 1969, the plaintiff started an action in contract against the defendant and its surety to recover under the written agreements of April 16, 1968, and January 15, 1969. Count 1 was against the defendant, and count 3 was against the defendant and its surety. Each count sought recovery of the $38,117 total of the four unpaid instalments plus interest on the sum of $78,117 from September 1, 1968.[2] The defendant and its surety filed identical answers consisting of a general denial plus pleas of payment and of the statute of limitations.

Thereafter on September 10, 1969, the plaintiff filed a motion alleging that there was no genuine issue of fact but only questions of law in the action and requesting the immediate entry of judgment pursuant to G. L. c. 231, § 59. The motion was accompanied by an affidavit of the plaintiff's president alleging the facts summarized above and further alleging that the defendant owed the plaintiff "the sum of $38,117.36, plus interest on $78,117.36, at 6% from Septem-

---

[1] The same paragraph of this agreement continues: "Manganaro may file this letter in any proceeding commenced in any court to collect said $78,117.36 or any unpaid portion of same *plus the above stated interest* and the filing of this letter in court shall be an irrevocable admission by Penn Simon that the sum of $78,117.36 or any unpaid portion is due Manganaro for work performed . . . *plus interest on $78,117.36 at the rate of 6% per annum from September 1, 1968*" (emphasis supplied).

[2] Counts 2 and 4 were alternate counts in quantum meruit, and we are not now concerned with them.

ber 1, 1968," that "[t]he interest on $78,117.36 from September 1, 1968, through August 31, 1969, is $4,687.04," and that "[t]he daily interest rate on $78,117.36 at 6% for the period after August 31, 1969, is $13.02."

The defendant seasonably filed an affidavit signed by its counsel objecting to the motion for judgment on the ground that the "alleged agreement between the parties hereto . . . [is] unconscionable and void as contrary to public policy" because "although . . . defendant made payments of $40,000 to the plaintiff before the alleged default on the 15th day of May, 1969 installment, plaintiff now seeks . . . to recover interest on the total amount of the original indebtedness of $78,117.36 retroactive to September 1, 1968 completely ignoring in the computation the payments totaling $40,000." The defendant's affidavit does not contradict the facts alleged in the plaintiff's affidavit. It demonstrates clearly that the case involves "no genuine issue of material fact but only [a] question of law." G. L. c. 231, § 59.

The only question of law thus presented to the trial court was whether the provision of the contract for retroactive interest on the entire sum of $78,117.36 in the event of the defendant's failure to pay any instalment when due was "unconscionable and void as contrary to public policy." The trial court decided this question against the defendant by allowing the motion for judgment as to counts 1 and 3. On the record which was before him and is now before us, the ruling was correct.

When the parties signed their compromise agreement of January 15, 1969, containing the now disputed interest provision, the defendant admittedly had owed the plaintiff $78,117.36 since September 1, 1968, and the plaintiff contended that the correct amount was $81,117.36. The plaintiff was entitled to sue the defendant and its surety therefor immediately, and it was entitled to interest from September 1, 1968, on whatever principal amount was due. The defendant sought a reduction in the amount of the claim, protection against legal proceedings, and time within

which to pay the principal amount due without interest. The plaintiff agreed to all of these requests in return for which the defendant agreed to pay the principal amount in eight monthly instalments. If it had made the instalment payments as agreed, it would have paid no interest to the plaintiff. But the agreement by which the plaintiff made its concessions including the waiver of interest if the principal were paid in instalments as agreed contained the further provision for interest if the defendant failed to make any instalment payment. It said in clear terms that if the defendant failed to make any instalment payment "the $78,117.36 or any unpaid portion thereof, plus interest on $78,117.36 at the rate of 6% per annum from September 1, 1968, will become immediately due and payable" to the plaintiff. This was not an unconscionable potential price to be paid by the defendant in return for the concessions made by the plaintiff. We are not dealing with any alleged fraud, overreaching, or breach of any fiduciary relationship. The defendant was engaged in the construction of buildings costing almost $5,000,000. The plaintiff performed work and furnished materials worth over $250,000 thereon. There is nothing to indicate that the disputed provision concerning interest was not negotiated on an arms-length basis between two substantial business firms. If the defendant had paid the instalments of principal as agreed, the plaintiff would not then be allowed to recover for interest by claiming that the agreement by which it waived it was unconscionable. The defendant would then have insisted on the benefit of its bargain, and it would have been entitled thereto. The plaintiff is doing the same here. It is insisting on the benefit of its bargain with the defendant, and it is entitled to it.

The interest claimed by the plaintiff under the contract to the date of the allowance of its motion (6% on $78,117.36 from September 1, 1968, to October 17, 1969) amounted to $5,351.04. Interest computed at the same rate between the same dates on the balances actually due after giving the defendant credit for the four instalments of principal paid

would amount to $3,887.71. The difference of $1,463.33 between those two figures when considered in relation to the total transaction is not so disproportionate to the damages caused to the plaintiff by the defendant's breach of the agreement that it amounts to a penalty. *A–Z Servicenter, Inc.* v. *Segall,* 334 Mass. 672, 673. It was not unconscionable.

The mere fact that the total amount of interest payable by the defendant under the written contract would amount to more than six per cent per annum on the balance actually due the plaintiff after deducting the four instalments paid by the defendant would not, without more, render the contract usurious, illegal or unconscionable. While G. L. c. 107, § 3, fixes interest on debts at six per cent per annum, subject to certain exceptions not here material, that limit applies only "[i]f there is no agreement or provision of law for a different rate." Since there is an express written agreement of the parties, it controls the matter, and the statutory rate of interest is inapplicable. *Poorvu* v. *Weisberg,* 286 Mass. 526, 539. *Lamprey* v. *Mason,* 148 Mass. 231, 234–235.

Having held that the interest provision is not unconscionable, we turn now to the issue raised by the defendant's brief in this court for the first time but based on facts not stated in its counter affidavit and not apparent at any point in the record before us. The defendant's brief argues that "by inadvertence" the parties omitted from the agreement of January 15, 1969, certain words which were intended to be inserted and which would have shown that the parties intended to limit interest to six per cent per annum on the unpaid balance. The defendant had an opportunity to allege all facts showing its defence to this case when it filed its counter affidavit. Except for the claim that the agreement was "unconscionable" it alleged no such facts. Having failed to avail itself of that opportunity to state its defences, it cannot ask us to review the case on the basis of facts not placed before the trial court. *Robinson* v. *Trustees of N. Y. N. H. & H. R.R.* 318 Mass. 121, 134, and cases cited. *Helgesson* v. *Helgesson,* 295 F. 2d 37 (1st Cir.). *Automatic Radio Mfg. Co. Inc.* v. *Hazeltine Research, Inc.*

176 F. 2d 799, 809 (1st Cir.), affirmed 339 U. S. 827; reh. den. 340 U. S. 846. To permit the defendant to raise before this court defences and factual issues which it did not raise before the trial court would make a mockery of the statutes on summary judgment and defeat their very purpose. We will not allow it to be done.

The order of the Superior Court allowing the motion for summary judgment for the plaintiff on counts 1 and 3 is affirmed.

*So ordered.*