Olga F. DULLEA, individually and on behalf of her minor children, Mary Dullea and Lucy Dullea and on behalf of all other persons similarly situated

v.

Robert F. OTT, individually and in his official capacity as Commissioner of the Department of Public Welfare of the Commonwealth of Massachusetts; Thomas Cyrs, individually and in his official capacity as Director of the Peabody Welfare Services Office; and Jane Hommel, individually and in her official capacity as social worker employed by the Department of Public Welfare.

Civ. A. No. 69–1348.

United States District Court,
D. Massachusetts.

Sept. 18, 1970.

Stephen Bardige, Mass. Welfare Rights Organization, Cambridge, Mass., Michael E. Faden, Michael A. Feldman, Boston, Mass., for plaintiffs.

Gregor I. McGregor, Boston, Mass., for defendants.

## MEMORANDUM OF DECISION

GARRITY, District Judge.

This is an action brought under 42 U. S.C. § 1983 and its jurisdictional counterpart 28 U.S.C. § 1343(3). Plaintiff has asked for both declaratory and injunctive relief. Two matters are presently before the court: defendants' amended motion to dismiss and plaintiff's motion seeking an order pursuant to Rule 23(c) (1), Fed.R.Civ.P., determining that the action may be maintained as a class action.

Plaintiff (Mrs. Dullea) and her two infant children are the recipients of Aid to Families with Dependent Children (AFDC), a cooperative federal-state program of welfare carried out in Massachusetts under Mass.G.L. c. 118 and 42 U.S.C. §§ 601–609. Under this program

Mrs. Dullea had received from the Massachusetts Department of Public Welfare semi-monthly amounts of $113.20. This was reduced to corresponding payments of $84.75 shortly after Mrs. Dullea changed her residence from an apartment occupied only by herself and her children to a residence she shared with her father and his wife (not her mother). The grant was altered because the change in her residence changed her budgeting classification for AFDC grant calculation. Group I budgeting obtains when a recipient family resides alone on rented premises; Group II budgeting obtains when a recipient family resides on rented premises with another non-member of the recipient family. AFDC calculation is designed to reflect expense sharing in the latter circumstances. Mrs. Dullea objected to the reclassification from Group I to Group II because she remained responsible for the normal cost of rent and utilities and because these expenses had not in fact diminished since her change in residence.

Mrs. Dullea brings this action in the federal court alleging that she has been deprived of due process of law because the reduction in her grant became effective before she was given a constitutionally adequate evidentiary hearing. She has also added a pendent state claim that the procedure resulting in the reduction of her assistance grant was in violation of Massachusetts law.

The Department of Welfare for the Commonwealth provides—at least in theory—a rather elaborate procedure prior to the termination or reduction of assistance to any Massachusetts recipient. See Massachusetts Public Assistance Policy Manual, Chapter II, Section A, page 12, paragraph d, which sets forth the mandatory procedures.

After the completion of this procedure the recipient may request an appeal if a decision has been made to reduce, suspend or terminate assistance. According to Mass.G.L. c. 18, § 16, as amended St.1969, c. 885, § 11, "When a hearing is requested because of termination or reduction of assistance, *involving an issue of fact, or of judgment relating to the individual case,* between the agency and the appellant, assistance will be continued during the period of the appeal and through the end of the month in which the final decision on the hearing is reached." (Emphasis added.)

This section has been interpreted in the Massachusetts Public Assistance Policy Manual, Chapter II, Section A, page 13, paragraph e,[1] to permit termination or reduction prior to the final appeal even in situations where the dispute turns on issues of fact or judgment if there is "objective evidence based on Department policy justifying such action."

Plaintiff has focused on this regulatory gloss of M.G.L. c. 18, § 16, presumably on the assumption that it was through its operation that her assistance was reduced prior to the statutory fair hearing procedure. Plaintiff claims first, that as a matter of state law her assistance should have been continued under Mass.G.L. c. 18, § 16, and that the regulation permits a practice in violation of the clear words of the statute it is intended to construe; and secondly, that since it operates to reduce assistance prior to the "fair hearing" it

1. e. *Request for Appeal—Reduction or Termination of Assistance*

The recipient may request an appeal following the review as outlined above because the WSO has made a decision to reduce, suspend or terminate assistance. When there is a dispute over an issue of fact or judgment, the WSO can reduce, suspend or terminate assistance only when there is objective evidence based on Department policy justifying such action.

If the WSO lacks objective evidence in a dispute of fact or judgment affecting the assistance grant or continuing eligibility such as a disagreement as to the amount of income or resources or the existence of a disability, assistance must be continued during the period of appeal and through the end of the month in which the final decision to uphold the action of the WSO has been rendered by the Subdivision of Appeals.

deprives her of the due process of law. Implicit in this latter claim, though not specifically asserted in the amended complaint, is the contention that the pretermination procedure indicated above is constitutionally inadequate to support a reduction of benefits.[2]

Defendants have moved to dismiss the action on the grounds first, that the court lacks jurisdiction over the subject matter, secondly, that the matter is moot, and thirdly, that the complaint fails to state a claim for which relief can be granted.

■ Defendants' first attack is based upon the decision Eisen v. Eastman, 2 Cir., 1969, 421 F.2d 560, that the jurisdictional statute, 28 U.S.C. § 1343(3) applies only to actions alleging deprivations of "civil rights", i. e., distinguishing actions based on infringements of personal liberty from those involving mere property rights. Suffice it to say here that this court is unwilling to accept this distinction in the context of welfare cases. Cf. Eisen v. Eastman, *supra*, at 564 and 566 n. 10. The plaintiff has properly invoked the jurisdiction of this court.

■ Defendants next contend that the case is moot with respect to Mrs. Dullea's individual claim because her assistance is presently being continued and will be continued in its original amount pending her final fair hearing. Under the agreement of counsel filed with the court and mentioned in footnote 2, defendants agreed only to continue payments until the completion of prereduc-

tion proceedings as outlined in the Massachusetts Public Assistance Policy Manual, Chapter II, Section A, page 12, paragraph d. Plaintiff claims, and defendants dispute, that the prereduction review is itself constitutionally inadequate to support a reduction. The court believes that this produces a controversy with enough life to warrant adjudication whether or not, in their discretion, defendants continue assistance pending the completion of final appeal procedures. Cf. Walling v. Helmerich & Payne, 1944, 323 U.S. 37, 43, 65 S.Ct. 11, 89 L.Ed. 29.

The determinative question is whether the complaint fails to state a claim on which relief can be granted. Defendants have contended that plaintiff's assistance had been reduced prior to final appeal because her situation presented no "issue of fact, or of judgment relating to the individual case" and that therefore plaintiff cannot have been aggrieved because she has not suffered from the application of the regulation at issue. The crucial consideration is that plaintiff has not disputed her having moved into her father's residence and has raised no issue of fact whose resolution would under existing law or regulations prevent her being classified under Group II. The only factual issue which she has raised, namely, whether her expenses decreased when she changed her residence, is irrelevant to the question of her proper classification in Group II.

■ Although never specifically argued by the plaintiff, who has throughout the hearings relied upon abstract

---

2. It also seems to have been part of plaintiff's original claim that she did not receive the protections of the pretermination procedure provided under Massachusetts law—in other words, that the procedures actually afforded her were constitutionally inadequate no matter how adequate procedures in conformity with Massachusetts law might have been. However, this has been rendered moot because the defendants agreed, without admitting error, to restore Mrs. Dullea to her semimonthly assistance rate of $113.20, retroactive to the date of reduc-

tion, and to continue her at that level at least until she is afforded the full pretermination procedure set forth in the Massachusetts Public Assistance Policy Manual, Chapter II, Section A, page 12, paragraph d. Also, since there has been no identification of an actual class that has been denied pretermination procedure nor even a showing that in practice the state Welfare Department has consistently neglected them, there is no basis for continuing consideration of these points via a class action.

rights of procedural due process, the court has considered whether the defendants' automatic reclassification of plaintiff could be found to be so unreasonable as to be violative of her right to substantive due process. See Dandridge v. Williams, 1970, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491, and Tucker v. Hardin, 1 Cir., 1970, 430 F.2d 737. In the court's opinion the assumption underlying the budgeting reclassification, that is, that persons living under the same roof and in the same household will share their expenses, is realistic and is in no sense so arbitrary as to support a claim of deprivation of substantive due process of law.

Defendants were under no obligation to hold an evidentiary hearing to determine plaintiff's rights under the circumstances of this case. There was no "adjudicative" fact which had to be determined by the defendants and therefore the procedural safeguards characteristic of adjudicatory proceedings were inapplicable. Hahn v. Gottlieb, 1 Cir., 1970, 430 F.2d 1243. See generally, The Constitutional Minimum for the Termination of Welfare Benefits: The Need for and Requirements of a Prior Hearing, 1969, 68 Mich.L.Rev. 112, 123.

The facts of this case may be contrasted with the situation that would be presented if a recipient should deny having moved in with a nonmember of her family. There a factual issue would be presented and a reduction of assistance without a hearing would support the type of claim urged by plaintiff in this case.[3]

Accordingly the court concludes that the complaint fails to state a claim on which relief may be granted and allows defendants' amended motion to dismiss on that ground.[4]

Judgment accordingly.

---

3. The court expresses no view as to the merits of such a claim.

4. It follows that plaintiff's motion under Rule 23, Fed.R.Civ.P., is no longer viable.