MARIE C. SCHLICHTE vs. ROBERT E. SCHLICHTE. August 2, 1974. This is an appeal from (1) a decree which found the respondent in contempt of court and (2) an order which required him to pay the petitioner an allowance for legal expenses. A decree nisi entered in 1972 upon the libel of the present respondent incorporated a stipulation that the " [l]ibellee shall pay $50 weekly through the Department of Public Welfare as alimony. . . ." Since the libel for divorce had been brought by the present respondent, the effect of the stipulation was to place on his wife the burden of paying alimony to him. This apparent error in drafting was corrected on April 4, 1973, when the

decree was "modified" to substitute "libellant" for "libellee" (and vice versa) wherever those words appeared in the stipulation. The contempt petition which forms the basis for the instant decree was filed on January 30, 1973. It is settled that in order to find a person in contempt of court "there must be a clear and unequivocal command and an equally clear and undoubted disobedience." *Nickerson* v. *Dowd*, 342 Mass. 462, 464 (1961). *United Factory Outlet, Inc.* v. *Jay's Stores, Inc.* 361 Mass. 35, 36 (1972). In this case there was at the time the petition was filed no decree or order which required the respondent to pay alimony to the petitioner. Although the portion of the 1972 decree which dealt with alimony payments was later corrected, it had no retroactive effect. The judge was plainly wrong in finding that the respondent had refused to comply with the 1972 decree. See *Whitney* v. *Whitney*, 325 Mass. 28, 28-29 (1949); *Whitten* v. *Durkee*, 327 Mass. 562, 563 (1951). The respondent has also appealed from an order requiring him to pay the petitioner $100 as an allowance for costs incurred in bringing the contempt petition. We do not believe that the force of the allowance order was vitiated by the fact that it contained a typographical error and was entered on an inappropriate form since neither of these irregularities obscured its meaning. We do not consider the petitioner's arguments regarding the constitutionality of the order as those issues were not raised in the court below. *Commonwealth* v. *Proctor*, 355 Mass. 504, 506 (1969). See also *Henchey* v. *Cox*, 348 Mass. 742, 747 (1965). The order for an allowance is therefore to stand. The contempt decree is reversed without prejudice to the petitioner's right to file a new petition based upon such arrears as may have accrued since the decree was corrected.

*So ordered.*

*Robert E. Schlichte*, pro se.
*Robert P. Kelly* (*John K. McNabb* with him) for Marie C. Schlichte.