Rescript Opinions.

WILLIAM ROSARY *vs.* COMMISSIONER OF PUBLIC WELFARE. June 7, 1976. The plaintiff complains that as an adult recipient of general relief assistance under G. L. c. 117 he was, effective February 16, 1974, subjected to a reduction in his assistance benefits which violated his rights under the due process and the equal protection clauses of the Fourteenth Amendment to the United States Constitution, as well as under the General Laws of the Commonwealth and implementing regulations. He had been living prior to January, 1974, in a motel and was receiving $128.90 a month in general relief assistance. In January, 1974, he moved into his mother's home which, a referee found, placed him in Group III-A, a Department of Public Welfare (department) budgeting category entitling him to $85.90 a month which, when reduced by his $51 veteran's benefits, provided him with $34.90. (The plaintiff does not challenge the reduction in assistance attributable to his receipt of veteran's benefits). The department maintains two budgeting categories for general relief recipients boarding in the home of another: Group III-A for recipients boarding in the home of a parent or a married child which, as indicated above, provides $85.90 a month; and Group III-B for recipients boarding in the home of any other person or in a commercial boarding home, which provides $107 a month. The plaintiff challenges this classification scheme which results in his receiving a lower level of benefits than recipients boarding with persons other than a parent or a married child. The referee denied his appeal and a judge of the Superior Court entered judgment for the defendant affirming the department's decision. There was no error. The conditions for eligibility set by the department which provided two budgeting categories were not arbitrary or supportive of a claim of deprivation of substantive due process. See *Dullea* v. *Ott,* 316 F. Supp. 1273, 1277 (D. Mass. 1970). Furthermore, the recent teaching of the Supreme Court of the United States is that the "irrebutable presumption" test, which the plaintiff invokes, is to be limited in its scope, and we decline to apply it in this case in which fundamental personal interests are not involved. See *Weinberger* v. *Salfi,* 422 U.S. 749, 770-773 (1975); *Opinion of the Justices,* 368 Mass. 831, 844-845 (1975). Nor was the classification upheld by the referee so irrational or unreasonable as to violate the equal protection clause of the Fourteenth Amendment. *Dandridge* v. *Williams,* 397 U.S. 471 (1970), makes clear that classifications with a reasonable basis made by State officials "charged with the difficult responsibility of allocating limited public welfare funds among the myriad of potential recipients" will not be interfered with by the courts. At 487. See *Jefferson* v. *Hackney,* 406 U.S. 535, 546-547 (1972). The department was entitled in establishing benefit levels for recipients of general relief to distinguish between different types of living arrangements, as it has done in this case. There was no violation of the plaintiff's constitutional rights. Finally, we find no merit in the plaintiff's statutory arguments.

*Judgment affirmed.*

*John A. Gresham* for the plaintiff.
*Nicholas P. Arenella,* Assistant Attorney General, for the Commissioner of Public Welfare.