RICHARD C. KELSEY *vs.* JOAN A. PANARELLI.

Norfolk.    March 22, 1977. — June 30, 1977.

Present: KEVILLE, ARMSTRONG, & BROWN, JJ.

*Minor.   Parent and Child.   Divorce,* Support of child.   *Practice, Civil,*
Appeal.   *Constitutional Law,* Equal protection of laws.

Notwithstanding the fact that Massachusetts has provided by statute
  that eighteen shall be the age of majority, a Probate Court had the
  authority under G. L. c. 208, § 28, to make appropriate orders of
  maintenance of any child under the age of twenty-one years. [481]
Where it appeared that an appellant sought to raise the issue of the
  unconstitutionality of G. L. c. 208, § 28, for the first time on appeal,
  this court did not consider it [481-482]; ARMSTRONG, J., concurring
  in the result on the ground that the appellant's constitutional argu-
  ment was without merit [482-483].

PETITION filed in the Probate Court for the county of
Norfolk on November 4, 1974.

The case was heard by *Podolski,* C.J.

*Bryan J. Stevens* for Richard C. Kelsey.

BROWN, J.   The plaintiff (husband) appeals from a
judgment of a Probate Court finding that he was still liable
for support payments for a child who had attained the age
of eighteen years.

The facts are agreed. A decree nisi of divorce was granted
to the husband on April 16, 1964. The wife was given cus-
tody of the three minor children of the parties. The hus-
band was "ordered to pay to [the wife] ... the sum of two
hundred (200) dollars per month for the support of said
minor children, plus all health and hospital benefits which
the children are entitled to through his military service. All
until the further order of the Court." On November 4, 1974,
the husband petitioned for a modification of his support or-
der and on November 13, 1975, he filed an amended petition
requesting reduction of his support order because two of

his children had reached the age of eighteen. At the time of the hearing on February 2, 1976, the eldest child was nineteen years old and unemployed. The middle child was eighteen years old and attending public school. The youngest child was sixteen years old and attending public school. All the children were living with the wife. On February 2, 1976, the Probate Court entered an order reducing the husband's child support obligation to $175 per month for the support of the two younger children.

1. Notwithstanding the fact that Massachusetts has provided by statute that eighteen shall be the age of majority except as otherwise specifically provided by law (G. L. c. 4, § 7, Forty-eighth through Fifty-first, c. 231, §§ 85O, 85P), the Probate Court had the authority to "make appropriate orders of maintenance of any child who has attained age eighteen years but who has not attained the age of twenty-one years and who is living in the home of a parent, and is principally dependent upon said parent for maintenance." G. L. c. 208 § 28, as amended by St. 1975, c. 661, § 1. *Orlandella* v. *Orlandella*, 370 Mass. 225, 230 (1976).

2. The plaintiff raises the interesting argument that § 28 impermissibly discriminates against divorced parents in violation of the United States and Massachusetts Constitutions. See and compare *Childers* v. *Childers*, 15 Wash. App. 792, 795-796 (1976). In order for us to rule on this question we would have to decide whether G. L. c. 208, § 28, allows a Probate Court judge to impose a support order for the benefit of any child between the ages of eighteen and twenty-one who is living in the home of a parent and who is principally dependent on said parent for maintenance, or whether it applies only to the children of divorced parents who otherwise meet the statutory criteria listed above. If we rule that the statute applies only to divorced parents or at least to parents, such as the defendant, subject to support orders originally entered prior to January 1, 1974 (the date eighteen became the age of majority for certain legal purposes; G. L. c. 4, § 7, Forty-eighth through Fifty-first, as appearing in St. 1973, c. 925, § 1), we would have to respond to the plaintiff's equal protection argu-

ment. See generally *Manganaro Drywall, Inc.* v. *White Constr. Co. Inc.* 372 Mass. 661, 663 (1977).

However, there is no indication from the plaintiff's amended petition and other pleadings or from "the agreed statement of the proceedings and evidence" (filed under Mass.R.A.P. 8[c], 365 Mass. 850-851 [1974]), which appears to be all that was before the probate judge (*Renda* v. *Gouchberg*, 4 Mass. App. Ct. 786 [1976]), that the plaintiff argued this issue before the probate judge. See *John B. Deary, Inc.* v. *Crane*, 4 Mass. App. Ct. 719, 724 (1976). As the issue cannot be raised for the first time on appeal, we do not consider it. *Henchey* v. *Cox*, 348 Mass. 742, 747 (1965). *Milton* v. *Civil Serv. Commn.* 365 Mass. 368, 379 (1974). *Schlichte* v. *Schlichte*, 2 Mass. App. Ct. 862, 863 (1974).

*Judgment affirmed.*

ARMSTRONG, J. (concurring). The judgment appealed from in this case ordered the plaintiff to contribute to the support of a child over the age of eighteen years and necessarily implied a ruling by the judge that he was empowered to make such an order. The record reveals nothing of the legal arguments the plaintiff made in the trial court and affords no basis for an inference that the plaintiff waived or abandoned any particular legal argument, constitutional or otherwise, bearing on the ruling in question. Therefore this case does not fall within the authority of the cases cited by the majority, all of which dealt with records that indicated, either explicitly or inferentially, that a party was attempting to argue on appeal an issue which he had not raised in the trial court.

I concur in the result reached by the majority, because the plaintiff's constitutional argument is without merit. General Laws c. 208, § 28 (relative to children of divorced parents), and c. 209, § 37 (relative to children of married but separated parents), both as amended through St. 1975, c. 661, represent a reasonable legislative attempt to secure to dependent children of broken homes advantages custom-

arily made available to children of other homes and comparable age. In families that remain together, decisions by parents whether to terminate support when their children reach the age of majority are usually tempered by consideration of the educational and economic realities of our time and are in any event decisions jointly arrived at by the parents. There is nothing in the equal protection clause of the Fourteenth Amendment to the United States Constitution which bars the Legislature from making reasonable provision for cases where the familial decision making process has broken down. See *Commonwealth* v. *Henry's Drywall Co. Inc.* 366 Mass. 539, 544-547 (1974); *Commonwealth* v. *MacKenzie,* 368 Mass. 613, 616-618 (1975); *Rosary* v. *Commissioner of Pub. Welfare,* 370 Mass. 862 (1976). The plaintiff's contention amounts to little more than that the court should apply his notions of sound policy rather than the policy determined by the Legislature.