BARBARA L. BAILLY *vs.* DENNIS C. BAILLY. July 26, 1977. The wife appeals from a judgment entered in a Probate Court in a proceeding she initiated to have the husband adjudged in contempt for substantial arrearages in complying with a child support order. The judgment appealed from was based on evidence and representations of counsel from which the judge might properly find changed circumstances and had the effect of reducing the husband's support obligation from $120 a week to $75 a week ($25 of which was allocated to repayment of arrearages). The wife argues on appeal that the Probate Court has no power in a contempt proceeding to modify the underlying support obligation, at least prospectively (see *Watts* v. *Watts,* 314 Mass. 129 [1943]), and that the exercise of such a power would violate the notice requirements of the due process clause of the Fourteenth Amendment to the United States Constitution. No such contentions, however, were raised by her (previous) counsel below. The transcripts of the June 30, 1975, and October 17, 1975, hearings make it clear that the judge contemplated modifying the underlying support obligation from the outset, and the only concern voiced on behalf of the wife when the judge proposed the amount reflected in the judgment appealed from was a doubt whether the husband would keep current with that lesser amount. The transcript justifies, in our opinion, the judge's characterization of his order as having been agreed upon in open court. The wife's objections to the procedure followed may not be raised for the first time in this court. *Schlichte* v. *Schlichte,* 2 Mass. App. Ct. 862 (1974).

*Judgment affirmed.*

*James A. Bisceglia (Linda Morley* with him) for Barbara L. Bailly.