JOHN N. STILIAN & others *vs.* GTC CORPORATION & another. December 21, 1983. *Practice, Civil,* Relief from judgment. *Interest. Negotiable Instruments,* Acceleration clause.

When in 1982 the defendants failed to make the first of five annual payments on a note secured by a fifth mortgage on real estate, the plaintiffs brought an action for the entire amount of the note. They soon thereafter filed a motion for summary judgment under Mass.R.Civ.P. 56, 365 Mass. 824 (1974).

Counsel for the defendants arrived in court late on the day set for a hearing on the motion, opposing affidavits in hand (but see, Mass.R. Civ.P. 56[c], 365 Mass. 824 [1974]) and discovered that the motion had been allowed earlier, in his absence. The judge suggested that the defendants file a motion for reconsideration. The motion, with attached affidavits in opposition to the plaintiffs' motion under rule 56, was filed and marked for a hearing. However, judgment on the complaint was entered the same day as the motion for summary judgment was allowed. A second judge heard and denied the motion for reconsideration.

1. The procedural difficulties in which the defendants have become ensnared may have been initiated by the first judge's apparently well-intended suggestion somewhat contradicted by the immediate entry of judgment. We treat the motion for reconsideration as if labelled consistently with its obvious purpose, that is, as if brought under Mass.R.Civ.P. 60(b)(1) or (6), or both. 365 Mass. 828-829 (1974). In this respect, we note that the defendants have satisfied all the relevant factors to be considered in reviewing orders on such motions. See *Berube* v. *McKesson Wine & Spirits Co.,* 7 Mass. App. Ct. 426, 430-431 (1979). The circumstances here presented favor relief for the defendants.

2. The defendants do not dispute their liability but only the amount of their indebtedness upon acceleration of the note after their default. Each of the five annual payments consisted, in part, of a $10,000 payment on the total $50,000 "finance charge." The note was due to be paid in full on or before April 7, 1986. The judgment in the plaintiffs' favor is for the entire amount of the note, principal and finance charge, as well as for interest on the judgment as of the date of the filing of the complaint. "When a note is given for a fixed sum representing principal and interest for the period of the note, the clause accelerating the maturity of the debt will not be enforced as to future interest. The mortgage was security not only for the principal but also for payment of interest. To allow a charge for unearned interest in the attending circumstances would be unconscionable." *A-Z Servicenter, Inc.* v. *Segall,* 334 Mass. 672, 677 (1956). See also *Manganaro Drywall, Inc.* v. *Penn-Simon Constr. Co.,* 357 Mass. 653, 657-658 (1970). Cf. *Plasko* v. *Orser,* 373 Mass. 40, 42-43 (1977); *Renda* v. *Gouchberg,* 4 Mass. App. Ct. 786 (1976).

3. The matter is remanded to the Superior Court for recalculation of the amount of the judgment so that it provides for, in addition to the prin-

cipal, the interest accrued on the note at the rate provided for therein up to the time of the filing of the complaint (December 12, 1982), and interest on the judgment at the rate provided for in G. L. c. 231, § 6C, as of the date of the filing of the complaint (December 13, 1982). Otherwise the judgment is affirmed.

*So ordered.*

The case was submitted on briefs.
*Roy D. Toulan, Jr.,* for the defendants.
*Thomas C. Demakis* for the plaintiffs.