PATRICIA SIMAS *vs.* RICHARD J. STUPALSKI. March 19, 1985. *Divorce, Support of child.*

When his son, an unemployed "drop out" from school, became eighteen, his father stopped making support payments under a judgment as last modified in 1982. The mother brought a complaint for modification pursuant to G. L. c. 208, § 28. After hearing, the judge ordered the father to pay $50 a week and refused to dismiss the complaint. He found that "the child is unable to obtain employment although he is actively seeking same and is domiciled in the home of the plaintiff and [is] principally dependent upon her for maintenance."[1]

---

[1] See G. L. c. 208, § 28, as amended through St. 1976, c. 279, § 1, which, in relevant part, provides that, upon or after a judgment for divorce, "[t]he court may

The judge did not err in denying the motion to dismiss. As in *Kelsey* v. *Panarelli,* 5 Mass. App. Ct. 480, 483 (1977, Armstrong, J., concurring), the father's "contention amounts to little more than that the court should apply his notions of sound policy [that children over eighteen should not be encouraged by support payments to remain unemployed] rather than the policy determined by the Legislature" (allowing flexibility by the judge in these matters). Despite the father's protestations, there is factual support in the record for the judge's findings. We also see no merit in the defendant's argument that G. L. c. 208, § 28, is unconstitutional. *Id.* at 482-483 (Armstrong, J., concurring).

*Judgment affirmed.*

*Sumner Abramson* for the defendant.

---

make appropriate orders of maintenance, support and education of any child who has attained age eighteen but who has not attained age twenty-one and who is domiciled in the home of a parent, and is principally dependent upon said parent for maintenance."