LAWRENCE PLATE AND WINDOW GLASS CO. vs. VARRASSO
BROS., INC. & another.[1]

Suffolk.   January 3, 1968. — February 6, 1968.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & REARDON, JJ.

*Public Works.*

The provision of G. L. c. 149, § 29, as amended through St. 1964, c. 609,
§§ 4, 5, that no claim "for specially fabricated material ordered by a
subcontractor" shall be enforceable against the statutory security on
a public building construction project "unless written notice of the
placement of the order . . . has been given to the contractor principal
on the bond within twenty days after such placement," applies only
to claims for specially fabricated material ordered by a subcontractor
"but not used or employed" in the project, and lack of such notice to
the general contractor on such a project did not bar enforcement against
the statutory security of a claim for specially fabricated material or-
dered by a subcontractor and incorporated in the building.

BILL IN EQUITY filed in the Superior Court on February 28,
1966.

The case was heard by *Chmielinski, J.*

*Joseph M. Corwin (Jon C. Mazuy* with him) for the
plaintiff.

No argument or brief for the defendants.

KIRK, J.   The plaintiff (Lawrence) brought this bill un-
der G. L. c. 149, § 29, as amended, to recover payments
allegedly due on its subcontract, executed April 30, 1965,
with Varrasso, the prime contractor for the construction
of a public housing project in Waltham.   The case is before
us on Lawrence's appeal from an amended final decree dis-
missing the bill as to Varrasso without prejudice and as to
the surety with prejudice.   The evidence is reported.   The
judge made no findings of fact.

Lawrence's contract with Varrasso called for the pur-
chase and installation of windows in the four buildings

---

[1] United States Fidelity and Guaranty Co., surety on Varrasso's statu-
tory bond.   G. L. c. 149, § 29.

which comprised the project. The only witness at the trial, Lawrence's vice-president, testified that the windows, with the approval of Varrasso and the architect, were purchased, installed and became part of the buildings; that within ninety days after completing its work on the project, Lawrence filed with the awarding authority a claim for the amount allegedly due from Varrasso under the contract; and that neither Lawrence nor its supplier notified Varrasso "of the placement . . . of the order . . . within twenty days after such placement."

It is clear from the transcript that counsel for the defendants treated the installed windows as "specially fabricated material" within the meaning of G. L. c. 149, § 29, and argued the case to the judge on that premise. It is equally clear from the transcript that the ruling which is implicit in the decree was "on the basis of that understanding." *Dalton* v. *Post Publishing Co.* 328 Mass. 595, 599. *Drinkwater* v. *D. Guschov Co. Inc.* 347 Mass. 136, 140. Lawrence has argued the case before us on the hypothesis that the windows were specially fabricated material. We consider the case on the same basis.

Neither defendant filed a brief with us. We think it prudent, despite Lawrence's able brief on additional issues, to confine our opinion to the single issue which is determinative of the case on the factual situation presented, Does G. L. c. 149, § 29, as amended through St. 1964: c. 609, §§ 4, 5, require a "written notice of the placement of the order [for specially fabricated material] . . . to the contractor principal . . . within twenty days after such placement" if the material has been incorporated in the building?

The resolution of the question turns upon the construction to be given to § 29, which, so far as relevant to our purposes, is set out in the footnote.[2] We agree with

[2] "Officers or agents contracting in behalf of the commonwealth . . . or other public instrumentality for the construction, reconstruction, alteration, remodeling, repair or demolition of public buildings . . . shall obtain security by bond in an amount not less than one half of the total contract price, for payment by the contractor and subcontractors for labor performed

353 Mass. 631 633

Lawrence Plate & Window Glass Co. *v.* Varrasso Bros. Inc.

Lawrence's counsel that the statute, as it now reads, is "fraught with ambiguity." The judge answered the question in the affirmative. For reasons now to be stated, we think the true answer is in the negative. Section 29 has been viewed by this court as a remedial statute, to be construed broadly to effect its purpose of affording security to subcontractors and materialmen on public works. *C. C. Smith Co. Inc.* v. *Frankini Constr. Co.* 334 Mass. 379, 385. *Cohen* v. *Henry N. Worthington Co.* 334 Mass. 509, 514. *Mosaic Tile Co.* v. *Rusco Prod. of Mass. Inc.* 350 Mass. 433, 439. From the time of the original enactment of the statute until 1935 there was no provision for a claim on the bond for materials not "used or employed in a building." See St. 1934, c. 351. By St. 1935, c. 217, § 2, in substantially the same terms currently used, the provision "including lumber so employed which is not incorporated in the construction" was inserted. By St. 1957, c. 682, § 1, the provision "including also any material specially fabricated" was inserted in the language of the current statute (fn. 2). We think that these amendments show a legislative purpose to increase, rather than to diminish, the protection afforded to subcontractors and materialmen. It is difficult to perceive any reason why the Legislature would

---

or furnished and materials used or employed therein, including lumber so employed which is not incorporated therein and is not wholly or necessarily consumed or made so worthless as to lose its identity, but only to the extent of its purchase price less its fair salvage value, and including also *any material specially fabricated at the order of the contractor or subcontractor for use as a component part of said public building or other public work so as to be unsuitable for use elsewhere, even though such material has not been delivered and incorporated into the public building or public work, but only to the extent of its purchase price less its fair salvage value and only to the extent that such specially fabricated material is in conformity with the contract, plans and specifications or any changes therein duly made* . . . .

"In order to obtain the benefit of such security the claimant shall file . . . with the contracting officer or agent . . . a sworn statement of his claim prior to the expiration of ninety days after the claimant ceases to perform labor or furnish labor, materials, appliances and equipment or transportation as aforesaid, for which claim is made, . . . and for specially fabricated material prior to the expiration of ninety days after delivery, or if delivery is refused by the contractor or subcontractor prior to the expiration of ninety days after the date of such refusal; *provided, that no such claim shall be valid for specially fabricated material ordered by a subcontractor unless written notice of the placement of the order and the amount thereof has been given to the contractor principal on the bond within twenty days after such placement*" (emphasis supplied).

reduce specially fabricated materials which had been used or employed in a building to a position inferior to other materials which had been so used or employed. Rather, it seems to us that the amendment was intended to provide security regarding specially fabricated materials which had not been used or employed in the building.

The relevant proviso added by St. 1957, c. 682, § 1 (now appearing in the second paragraph of G. L. c. 149, § 29), states that no claim for specially fabricated material ordered by a subcontractor shall be valid unless the principal contractor has been notified in writing within twenty days after the placement of the order. This provision, it seems to us, to accomplish the legislative purpose must, in the context of St. 1957, c. 682, § 1, as a whole, be read to mean "ordered by a subcontractor but not used or employed." See *A. Belanger & Sons, Inc.* v. *Joseph M. Concannon Corp.* 333 Mass. 22, 25. We hold, therefore, that G. L. c. 149, § 29, does not require that notice be given of the placement of an order for specially fabricated goods in a situation where the materials have been used or employed in the construction or repair of the public buildings which were the subject of the contract so long as the claimant has otherwise complied with the requirements of § 29.

In view of what we have said it is unnecessary to discuss whether the bill, if properly dismissed against the surety, should also be dismissed as to Varrasso, the principal debtor. The bill should not have been dismissed as to the surety nor should it have been dismissed as to Varrasso. The decree must be reversed and the case remanded to the Superior Court for determination of what damages, if any, should be recovered by Lawrence. The plaintiff is to have costs of appeal.

*So ordered.*