NORMAN G. LABONTE vs. WHITE CONSTRUCTION CO., INC.
& another.

Suffolk.   December 4, 1972. — February 7, 1973.

Present: TAURO, C.J., REARDON, BRAUCHER, HENNESSEY, & KAPLAN, JJ.

*Public Works. Agency,* What constitutes. *Regional School District.*

In a suit against the surety of a school construction contractor, the
superintendent of schools, who was familiar with all aspects of
the contract and who had, in accord with the school committee
chairman's instructions, thrice accepted statements of claim
under the contract, was a proper party under G. L. c. 149, § 29,
with whom to file the plaintiff's statement of claim. [44–46]

BILL IN EQUITY filed in the Superior Court on March
10, 1971.
The suit was reported by *Ponte, J.*
*Elliott J. Mahler* for the plaintiff.
*John R. Gilbertson* for the defendants.

TAURO, C.J.   This is a bill of complaint brought by the
plaintiff under the provisions of G. L. c. 149, § 29,[1] to
obtain the benefit of a bond given by the defendant United
States Fidelity & Guaranty Co. (surety), as surety, on
which the defendant White Construction Co., Inc.
(White), as general contractor is the principal and
Triton Regional School District (district) is the obligee.
The plaintiff, LaBonte, seeks to recover for equipment

---

[1] The pertinent portion of G. L. c. 149, § 29, as amended through St.
1964, c. 609, §§ 4 and 5, reads as follows: "Officers or agents contract-
ing in behalf of . . . any . . . district . . . of the commonwealth
. . . for the construction . . . of public buildings . . . shall obtain
security by bond . . . .

"In order to obtain the benefit of such security the claimant shall file
. . . with the contracting officer or agent in the case of a contract with
. . . a district . . . a sworn statement of his claim prior to the ex-
piration of ninety days after the claimant ceases to perform labor
or furnish labor, materials, appliances and equipment or transporta-
tion . . . for which claim is made . . . ."

he furnished to the Boston Fill & Gravel Corp., a subcontractor of White.

On February 19, 1969, the district entered into an agreement with White for the construction of a school and, in compliance with G. L. c. 149, § 29, obtained the necessary security bond for labor, materials and equipment used to complete the work. It is agreed that the plaintiff's damages are $5,183, plus interest, if he is entitled to recover.

The suit was heard by a master who made subsidiary and general findings and reported to the Superior Court without decision on the issue of the plaintiff's right to obtain the benefit of the bond. An interlocutory decree was entered in the Superior Court overruling all exceptions and confirming the master's report.[2] The judge then reported the case without decision to this court.

It is agreed that the sole issue is whether LaBonte's sworn statement of claim was filed with the proper person within ninety days of the last date when LaBonte furnished equipment for the project. It is also agreed that if the statement was filed on, or before, November 9, 1970,[3] then it was seasonably filed.

We summarize the pertinent facts as found by the master. The Triton Regional School District comprises the towns of Rowley, Salisbury and Newbury. The district functions through a nine man board who elect a chairman and serve without pay. James H. Keeler, Jr., the elected chairman, was the contracting officer for the district.

The district invited bids in the usual manner for the construction of a school. Dr. Henry F. Trainor was the superintendent of schools for the district. He was responsible for developing the physical facilities, working with the architect, arranging for preparation of specifications and blueprints, and handling budgetary problems. The

---

[2] Before the master's report was confirmed the defendants filed a motion requesting that the plaintiff's bill be dismissed. The motion was denied. The defendants do not appear to have excepted to this ruling.

[3] The date was inadvertently stated to be November 9, 1969, in the master's report.

bids were filed with and received on behalf of the district by Dr. Trainor. He was thoroughly familiar with the terms of the contract. White was selected as general contractor and the contract between White and the district was signed by Keeler.

The last date on which LaBonte furnished equipment to Boston Fill, a subcontractor of White, was on August 11, 1970. On October 28, 1970, LaBonte's counsel sent a sworn statement of claim by registered mail to "Triton Regional School Building Committee, Newbury, Massachusetts." The official mailing address of the district was Box 367,[4] Rowley. This letter was returned to counsel on November 20, by the Newbury Post Office. The envelope was marked by postal personnel "Notified Nov. 4, 1970."

On October 28, 1970, LaBonte's counsel also sent a sworn statement with a filing fee to the clerk of the town of Rowley. Between October 28 and November 6, the envelope was forwarded to Dr. Trainor, superintendent of Triton Regional Senior-Junior High School, at the district's office. The statement, filing fee and letter were handed to Dr. Trainor on November 6 and his secretary typed these words on the notice of claim: "Receipt of claim is acknowledged on this date November 6, 1970 and is on file at the Triton Office. HENRY F. TRAINOR SUPT. OF SCHOOLS TRITON REGIONAL SCHOOL DISTRICT."

Keeler, the chairman of the district committee, was a full time employee of General Electric Company in Somersworth, New Hampshire, and only visited the district's office a few times a week after 6:30 P.M. Dr. Trainor, the sole daily on-the-scene executive, had been told by Keeler to accept statements and send them to counsel for the district, to counsel for White and to Keeler. Dr. Trainor had accepted at least three statements for the district, one of which was addressed to him. Keeler was aware that Dr. Trainor was accepting statements from

_____

[4] At one point in the master's report the box number was incorrectly stated to be "167."

claimants and he had instructed Dr. Trainor to acknowledge receipt of the statements.

On November 9, 1970, Dr. Trainor wrote to LaBonte's counsel explaining that the Rowley clerk had transmitted the notice of claim and other correspondence to Dr. Trainor; that Dr. Trainor was returning the check since liens should be filed with the district; that notice of claim should go to Keeler, "Chairman, Triton Regional District School Committee, Glen Street, Rowley, Massachusetts, 01969" (Keeler's home address) ; and that when that had been done "I shall be most happy to, then, direct your Notice of Lien to all parties concerned." This letter bore a letterhead on which appeared the printed district seal, the words "Triton Regional School District of Newbury, Rowley, Salisbury, Box 367, Rowley, Massachusetts, 01969" together with the words "Henry F. Trainor, Superintendent" and "Michael Paulovich, Assistant Superintendent."

By November 10 ,1970, the letter originally received by Dr. Trainor on November 6, had been returned to LaBonte's counsel. On that day LaBonte's counsel forwarded the same letter to "Mr. James H. Keeler, Jr., Chairman, Triton Regional District School Committee, Glen Street, Rowley, Massachusetts, 01969." The envelope was again received by Dr. Trainor who put a line through the words "November 6, 1970," which had been typed on the original receipt of the notice of claim, and wrote "see below." He then signed his name and added "Rec'd. 12 noon Nov. 13, 1970." This remailed statement of claim was never seen by Keeler.

It is clear from the master's report that Dr. Trainor received the notice of claim on November 6, 1970, within the ninety day limit. If Dr. Trainor is properly described as a "contracting officer or agent" of the district then LaBonte's claim was seasonably filed. In the circumstances of this case, we believe that Dr. Trainor is properly described as an "agent" of the district and thus was a proper person to receive the notice of claim. Since we hold that Dr. Trainor was a proper person to receive the

claim and since the claim was handed to him within the time limit, we think it is not decisive that the letter containing the statement was not addressed to the district. This is especially true in view of the fact that even when the letter was readdressed to the district it was received by Dr. Trainor.

We reject the defendants' argument that Dr. Trainor was not an "agent" of the district because there was never a formal vote of the district appointing him as "agent." The existence of agency can be implied from "a course of conduct showing that a principal has repeatedly acquiesced therein and adopted acts of the same kind." *Hurley* v. *Ornsteen,* 311 Mass. 477, 481. *Lonergan* v. *Highland Trust Co.* 287 Mass. 550. *Federal Natl. Bank* v. *O'Connell,* 305 Mass. 559, 566. Keeler, as chairman of the district, had instructed Dr. Trainor to accept statements, and to send them to counsel for the district. During 1970 the district had knowledge of and acquiesced in Dr. Trainor's acceptance of three sworn statements of claim from other parties. At least one of these had been addressed to Dr. Trainor. We think that this is sufficient to establish Dr. Trainor as an "agent" of the district within the meaning of the statute.

Such a conclusion is consistent with our interpretation of G. L. c. 149, § 29, which has "been viewed by this court as a remedial statute, to be construed broadly to effect its purpose of affording security to subcontractors and materialmen on public works." *Lawrence Plate & Window Glass Co.* v. *Varrasso Bros. Inc.* 353 Mass. 631, 633. *Warren Bros. Roads Co.* v. *Joseph Rugo, Inc.* 355 Mass. 382, 386. *American Air Filter Co. Inc.* v. *Innamorati Bros. Inc.* 358 Mass. 146, 150.

In *A. Belanger & Sons, Inc.* v. *Joseph M. Concannon Corp.* 333 Mass. 22, 25, we construed a statute relating to housing authorities which incorporated the filing statute "so that the filing of the sworn statement of claim with the officers and agents of the corporate entity with which the contract was made was sufficient compliance." We have also held that where an employee of the Pen-

tucket Regional School District signed a registered mail receipt for a letter containing the plaintiffs' statement of claim and Pentucket's superintendent of schools acknowledged receipt of the letter, "the master was warranted in concluding that the notice requirements of the statute had been met." *Mavrofrides* v. *E. C. Blanchard Co. Inc.* 361 Mass. 540, 545.

We have recognized that "[t]he reason for requiring . . . [the statement] to be filed 'with such officers or agents' is . . . [that] [t]hey would be familiar with the contract and it naturally would fall to them to look after its performance." *Tower* v. *Miller,* 211 Mass. 113, 114. However, we do not hold that all agents of the district would necessarily be the proper persons to receive notice of claims. Obviously someone unfamiliar with the contract would often not be the proper person to receive the claim. *A. Belanger & Sons, Inc.* v. *Joseph M. Concannon Corp.* 333 Mass. 22, 24. We believe, however, that Dr. Trainor's familiarity with all stages of the performance of the contract, together with the district's acquiescence in his past receipt of statements rendered him an "agent" of the district within the meaning of the statute. The plaintiff's statement was therefore seasonably filed.

In view of what we have said, we need not deal with the objections and exceptions to the master's report which involve, essentially, the question of proper filing of the claim. The interlocutory decree confirming the master's report is affirmed. A final decree is to be entered in favor of LaBonte against the defendants awarding him $5,183, plus interest thereon at the rate of six per cent per annum from November 6, 1970, with costs of appeal.

*So ordered.*