FLOORS, INCORPORATED *vs.* B. G. DANIS OF NEW
ENGLAND, INC. & another.[1]

Suffolk.    March 15, 1979. — April 9, 1979.

Present: BROWN, GREANEY, & KASS, JJ.

*Public Works*, Counsel fees. *Arbitration*, Counsel fees, Confirmation of
award. *Damages*, Counsel fees.

Where a subcontractor brought suit against a prime contractor under
G. L. c. 149, § 29, on a subcontract containing a compulsory arbitra-
tion clause but stayed the action pending an arbitration award and
subsequently moved to confirm the arbitration award within the
context of the action under c. 149, § 29, the subcontractor was not
entitled to recover the legal fees attributable to the arbitration.
[358-360]

CIVIL ACTION commenced in the Superior Court on May
28, 1976.

The case was heard by *Morse*, J.

The case was submitted on briefs.

*Peter Lawson Kennedy & Richard W. MacAdams* for
the defendants.

*Joseph M. Corwin, Sally A. Corwin & Jon C. Mazuy* for
the plaintiff.

KASS, J. We are asked to decide in this case whether a
subcontractor who brings suit under G. L. c. 149, § 29 (as
amended by St. 1972, c. 774, § 5), on a subcontract con-
taining a compulsory arbitration clause, may, following
arbitration and an arbitration award, recover legal fees
as provided in G. L. c. 149, § 29.[2]

---

[1] Seaboard Surety Company.

[2] General Laws c. 149, § 29, as pertinent to this case, provides: — "A
decree in favor of any claimant under this section shall include reason-
able legal fees based upon the time spent and *the results accomplished*

Floors, Incorporated (Floors), made a demand for arbitration on B.G. Danis of New England, Inc. (Danis), on May 14, 1976, for labor and materials furnished to Danis, the prime contractor on a public school being built for the city of Salem. The subcontracts governing the parties contained an "all disputes" arbitration clause which provided that all questions between the parties arising under the contract shall be decided by arbitration. Two weeks later, on May 28, 1976, Floors filed a complaint against Danis demanding payment for the same labor and materials under G. L. c. 149, § 29. This complaint stated that "[t]he subcontracts contain arbitration provisions pursuant to which Floors demanded arbitration of the dispute which is the subject of this complaint. This complaint is filed as a provisional remedy under c. 149, § 29, and is without prejudice to, nor waiver of, the arbitration proceeding now pending. This action is to be stayed pending the arbitration award." Although it already had begun to pursue the available arbitration remedy, doubtless Floors brought the "provisional" action under § 29 because such an action had to be filed within one year after the day on which the "claimant last performed the labor or furnished the labor, materials, equipment appliances . . . ," if Floors was not to lose the benefit of the payment bond which the statute required prime contractors on public construction work to post.

Chapter 251 of the General Laws,[3] on the other hand, provides in § 10 that "[u]nless otherwise provided in the agreement to arbitrate, the arbitrators' expenses and fees, together with other expenses, *not including counsel fees*, incurred in the conduct of the arbitration, shall be paid as provided in the award" (emphasis supplied).

---

as approved by the court and such legal fees shall not in any event be less than published rate of any recommended fee schedule of a statewide bar association or of a bar association in which the office of counsel for claimant is located, whichever is higher."

[3] An adoption, with minor modifications, of the Uniform Arbitration Act. Compare 7 Uniform Laws Annot. (Master ed. 1978).

The arbitrators made an award on February 25, 1977, and Floors thereupon moved to confirm the arbitration award within the context of the action brought under c. 149, § 29, and for judgment against Danis. Simultaneously Floors moved for the payment of legal fees attendant to the arbitration procedure and the G. L. c. 149, § 29, actions. The motion judge entered a judgment in the amount of the arbitration award, $21,000, which had been previously confirmed, and $6,300 for legal fees, plus the costs of the action. We think that so much of the legal fees as were attributable to the arbitration should not have been allowed. While G. L. c. 149, § 29, is "a remedial statute which should be construed broadly to achieve the purpose of affording security to subcontractors and materialmen on public works" (*Manganaro Drywall, Inc.* v. *White Constr. Co.*, 372 Mass. 661, 664 [1977]; *LaBonte* v. *White Constr. Co.*, 363 Mass. 41, 45 [1973]; *Warren Bros. Roads Co.* v. *Joseph Rugo, Inc.*, 355 Mass. 382, 386 [1969]), nothing in the statute's history or language leads us to conclude that it provides an exclusive remedy.[4] The fundamental purpose of § 29 is to afford security to subcontractors and materialmen in public works because they do not have the benefit of a mechanic's or materialman's lien, as would be the case in private construction work.

Section 29 does not bar parties to a construction contract on public works from agreeing to employ the relatively expeditious and inexpensive method of adjudication which arbitration affords, particularly in the construction field, where arbitrators experienced in reading plans and specifications can be particularly helpful. *Warren Bros.* v. *Cardi Corp.*, 471 F.2d 1304 (1st Cir. 1973). Reciprocally, an arbitration clause does not deprive a subcontractor of the means to secure or enforce payment which § 29 affords. Cf. *id.*

---

[4] Statute 1972, c. 774, which inserted the provision relating to legal fees in § 29, bore the caption: "An Act expediting payment to general contractors and to subcontractors and improving the flow of funds in the construction industry."

Section 29 provides for the pursuit of rights by filing a complaint and by prosecuting the claim thereafter "by trial in the superior court." Here there has been no trial because arbitration resolved the underlying economic dispute. Although the arbitration award was confirmed under the umbrella of the § 29 action—an astute stratagem on the part of Floors—it was at all times open to Floors to move for confirmation of the arbitration award pursuant to G. L. c. 251, §§ 11 and 15. Indeed, this is the appropriate procedure. If Danis, or its surety, had then resisted paying the award, the § 29 action which Floors brought provisionally, and intentionally stayed, would have become significant. We harmonize the antinomy of G. L. c. 149, § 29, and G. L. c. 251, § 10, by concluding that legal fees attributable to the arbitration proceeding shall be borne as c. 251 prescribes, while legal fees attributable to court action under c. 149 shall be borne as § 29 prescribes.

In reaching our conclusion, we take into account the often expressed policy in support of the arbitration process. "[A]rbitration, once undertaken, should continue freely without being subjected to a judicial restraint which would tend to render the proceedings neither one thing nor the other, but transform them into a hybrid, part judicial and part arbitrational." *Cavanaugh* v. *McDonnell & Co.*, 357 Mass. 452, 457 (1970). See *Glenn Acres, Inc.* v. *Cliffwood Corp.*, 353 Mass. 150, 155 (1967), in which a motion to stay judicial proceedings was granted, pending completion of arbitration.

We find support for this view in *Beach Resorts Intl., Inc.* v. *Clarmac Marine Constr. Co.*, 339 So. 2d 689 (Fla. App. 1976), and *Oakdale Park. Ltd.* v. *Byrd*, 346 So. 2d 648 (Fla. App. 1977), in which legal fees were disallowed in connection with actions to foreclose a mechanic's lien where the underlying dispute was resolved by arbitration.

The legal fees to be recovered under § 29 in cases such as these, where arbitration is the primary remedy, should

be limited to lawyers' work directly related to the preservation and prosecution of the § 29 rights. Thus, in this case, Floors is not to have legal costs incident to confirmation of the arbitration award on this appeal. The legal fees which Floors may recover are those connected with the provisional action under § 29, presumably the drafting and filing of the complaint and the preparation and presentation of the motion to stay the § 29 action pending arbitration.

The judgment is reversed, and a new judgment is to enter not inconsistent with this opinion.

*So ordered.*