J.P. CONSTRUCTION CO., INC. *vs.* STATESIDE BUILDERS, INC., & others.[1] No. 96-P-1998. September 17, 1998. *Practice, Civil,* Attorney's fees. *Damages,* Attorney's fees.

This is an appeal from an award of attorney's fees pursuant to G. L. c. 149, § 29. The plaintiff, J.P. Construction Co. (J.P.), was a masonry subcontractor on a public building project for the Somerville Housing Authority. The defendant Stateside Builders, Inc. (Stateside), was the general contractor. The other defendants were the sureties, Seaboard Surety Company and St. Paul Fire and Marine Insurance Company, who, with Stateside, executed the bond required by G. L. c. 149, § 29, to secure payment of labor and materials used or employed on the job. During the performance of the contract, a conflict arose between J.P. and Stateside. J.P. claimed that it was required to perform work it considered to be outside the scope of its contract, and it insisted on additional remuneration. When Stateside refused J.P.'s claim, J.P. brought an action against Stateside, seeking $68,773.01.

The matter was referred to a master (facts final). The trial lasted five days, after which the master filed a twenty-nine page report containing 189 findings. The master found in favor of J.P. against all of the defendants in the amount of $29,095. J.P. filed a motion to confirm the master's report, a motion requesting that the judge approve its attorney's fees and costs, and a motion for judgment. J.P. submitted an affidavit in support of its claim. The amount sought was $39,583, based on 264 hours of work at $150 an hour. The defendants opposed J.P.'s motion for fees and requested a hearing on the motion. In an accompanying memorandum, the defendants requested "oral argument on [the] motion."

On April 11, 1996, the Superior Court judge approved the master's report and allowed J.P.'s motion for attorney's fees in the amount of $39,583. The defendants filed a motion for reconsideration, arguing that attorney's fees could not be assessed without an evidentiary hearing, citing *Manganaro Drywall, Inc. v. White Constr. Co.,* 372 Mass. 661 (1977). The judge allowed the defendants to serve interrogatories on J.P.'s counsel. After oral argument on the motion for reconsideration, the judge denied that motion. The defendants have appealed the denial of their motion, arguing two issues: (1) the judge was required to hold an evidentiary hearing on the reasonableness of the amount of attorney's fees; and (2) the award of $39,583 in attorney's fees was erroneous as a matter of law.

1. *The evidentiary hearing issue.* We agree that the defendants are entitled to an evidentiary hearing on the reasonableness of the attorney's fees sought by J.P. "if they requested one." *Manganaro Drywall, Inc. v. White Constr. Co., supra* at 666. In their opposition to J.P.'s motion for attorney's fees, the defendants did not seek an evidentiary hearing. Rather, the defendants asked to be heard on J.P.'s motion. The defendants did not specifically request an evidentiary hearing until they filed their motion for reconsideration. By that time, it was too late to make such a request. See *Selby Assocs. v. Boston Redev. Authy.,* 27 Mass. App. Ct. 1188, 1190 (1989) (a motion for reconsideration is "simply a request that the court reconsider its action upon the original motion"), quoting from *Kelly v. Pennsylvania R.R.,* 228 F.2d 727, 730 (3d

---

[1]Seaboard Surety Company and St. Paul Fire and Marine Insurance Company.

Cir. 1955), cert. denied, 351 U.S. 925 (1956). A party who seeks an evidentiary hearing must specifically request an evidentiary hearing.[2]

2. *Reasonableness of attorney's fees.* The defendants argue that the award of $39,583 in legal fees was unreasonable in light of the $29,095.38 actually recovered by J.P.

The amount of attorney's fees to be awarded rests within the sound discretion of the trial judge. *Fontaine* v. *Ebtec Corp.*, 415 Mass. 309, 324 (1993). In *Sanitoy, Inc.* v. *Ilco Unican Corp.*, 413 Mass. 627, 631 (1992), the court held that the plaintiff was entitled to an award of the total amount of its reasonable attorney's fees and was not limited to a percentage of the fees proportioned to the percentage of the amount recovered. *Id.* at 633-634. Similarly, the award of J.P.'s reasonable attorney's fees need not be reduced because of the result obtained at trial, especially in light of the fact that G. L. c. 149, § 29, is "a remedial statute, to be construed broadly to effect its purpose of affording security to subcontractors and materialmen on public works." *LaBonte* v. *White Constr. Co.*, 363 Mass. 41, 45 (1973), quoting from *Lawrence Plate & Window Glass Co.* v. *Varrasso Bros.*, 353 Mass. 631, 633 (1968). J. P. was advancing the legislative purpose of G. L. c. 149, § 29, in pursuing its claim against the defendants. See *Manganaro Drywall, Inc.* v. *White Constr. Co.*, *supra* at 663-664. Therefore, we reject the defendants' argument that the award of reasonable attorney's fees must be proportioned strictly to the award obtained.

We conclude that the judge did not abuse her discretion in determining that J.P.'s attorney's fees were reasonable. The plaintiff is also entitled to appellate attorney's fees. *Id.* at 667. The procedure set forth in *Yorke Mgmt.* v. *Castro*, 406 Mass. 17, 19-20 (1989), shall be followed.

*Order denying motion for reconsideration affirmed.*

*John J. McNamara* for the defendants.

*Peter J. Gagne* for the plaintiff.

---

[2]The defendants' opposition to the allowance of attorney's fees has always rested on the ground that the amount awarded in fees was too high in view of the underlying recovery. As a practical matter, issues that might have been addressed in an evidentiary hearing, such as the accuracy of the time records or the appropriateness of the hourly rate, were not the basis of the defendants' complaint. Additionally, the judge did allow discovery in the form of interrogatories. In these circumstances, it is difficult to conclude that the defendants were prejudiced by the absence of an evidentiary hearing.