GIBSON, APPELLANT, v. GLOVER, APPELLEE.

CAUSE OF ACTION.

An action for dissolution of a partnership and accounting cannot be maintained when it appears that, by the acts of the parties, the partnership relations, if any existed, had been dissolved and an accounting had.

*Appeal from the District Court of Washington County.*

Mr. L. J. CUPPS, Mr. J. A. BONHAM and Mr. A. J. JOHN-SON, for appellant.

No appearance for appellee.

REED, J., delivered the opinion of the court.

Appellant, Gibson, brought suit against Glover, appellee, alleging that a partnership had existed in a general mercantile business, conducted by appellant first at Hastings, Nebraska, afterwards at Hyde, Colorado. For the original stock appellant traded real property, or equities in real property. Appellee put in some money. It is alleged that, after the business had been prosecuted for some length of time, appellee took entire possession of the stock, sold it out to third parties, appropriated the proceeds to his own use, and refused to settle and adjust partnership matters. That there was a large balance due plaintiff. Praying for a dissolution of partnership, an accounting and settlement of partnership affairs, and for payment of what might be found due after payment of partnership debts.

Defendant answered, denying all the allegations in the complaint, including that of partnership, and claiming $2,000 due him from the plaintiff. Trial was had to the court, resulting in a judgment in favor of the defendant and against plaintiff for costs, from which an appeal was prosecuted. The assignment of errors may be summarized in one: That the court erred in finding for the defendant.

The evidence is very conflicting and contradictory, and the abstract and record confused, much of it unintelligible. The principal issue to which evidence was directed seems to have been that of the existence of a partnership, the defendant contending that he never was a partner, and that what he had put in was in the way of advances or loans to the plaintiff, to secure which he had retained the title to the goods, with the right to enter and take possession on failure of payments. The business was conducted in the name of appellant as " manager."

The testimony of the parties was so contradictory that it

would seem impossible to arrive at any solution, while the documentary evidence put in is so indefinite as to furnish no aid.

In view of one fact established, much of the testimony seems to have been immaterial and was probably disregarded by the trial court.

On the 2d day of May, 1887, appellee went to appellant at Hyde, Colorado, at which time it appears a settlement was had between the parties, and appellant made and delivered to appellee a full and complete bill of sale of all the merchandise in the store, and delivered the possession. Such sale was absolute, unequivocal, without any provision for future settlement or the reservation of any subsequent rights or claims. Appellee then sold and delivered the stock to other parties with the full concurrence of appellant. It is asked in the complaint that the court decree a dissolution of the partnership. This seems to have been unnecessary, for if any partnership had before that time existed, it was by the united acts of the parties legally dissolved and closed. The same may be said of the prayer for accounting. An agreement for accounting was had, and the receipt of all dues admitted by appellant. Unless the settlement and written bill of sale were impeached and set aside, the paper executed by appellant was conclusive. It was attempted to be shown by appellant that there was a verbal arrangement nullifying the document, in effect impeaching it and rendering it nugatory. It is very doubtful if any such testimony was admissible without an allegation of fraud in obtaining it. No fraud is alleged, nor was any attempt made to establish fraud upon the trial. If admissible, the evidence was insufficient to establish the plaintiff's contention, hence, the document was conclusive. The complaint asking for dissolution and partnership accounting should have been dismissed. If appellant had any cause of action, it grew out of the settlement to collect the amount agreed to be paid. No such cause of action is disclosed in the complaint.

The judgment must be affirmed.

*Affirmed.*