Gene SIMPSON, Appellant,

v.

B. G. SIMPSON and H. P. Glover, individually, and doing business as Sterling Construction Company, and Sterling Construction Co., a Colorado Corporation, Appellees.

No. 6989.

United States Court of Appeals Tenth Circuit.

Dec. 3, 1962.

Charles A. Haskell, Denver, Colo., and Harry H. Ruston, Englewood, Colo., for appellant.

David C. Little and J. F. Little, Denver, Colo., for appellees.

Before LEWIS, BREITENSTEIN and SETH, Circuit Judges.

LEWIS, Circuit Judge.

Plaintiff-appellant, early in 1953, formed a partnership with his son, B. G. Simpson, and others for the purpose of carrying on the business of pipeline construction work. In 1960 this suit was filed, alleging a dissolution of the partnership in 1957 and seeking an accounting of partnership affairs from the date of inception to date of dissolution. After issue was joined, the trial court utilized pre-trial procedures and by pre-trial order set the preliminary issues to be tried as:

1. What were the terms of the partnership agreement?

2. When was the partnership terminated?

3. Who is entitled to an accounting?

The pre-trial order recognized that upon the determination of the preliminary issues "it may be necessary to have

an additional trial to determine the other issues of fact under claims of the parties against each other."

Upon the conclusion of a two-day trial, the District Court for the District of Colorado entered findings detailing the terms of the partnership, finding that the parties dissolved and terminated the partnership by a completely executed agreement entered in May 1953 and concluded that no one was entitled to an accounting. Appeal is taken from the judgment upon claim that it exceeds the scope of the pre-trial order and is unsupported by the evidence in certain regards.

■■ The latter claim requires but little discussion. The disputed findings are admittedly based upon evidence sharply conflicting with the testimony of appellant but are fully supported by the direct testimony of the appellee Simpson and bolstered by considerable circumstance. In such case the findings will not be disturbed on appeal. Rule 52, F.R. Civ.P., Wilsey-Bennett Trucking Co. v. Frost, 10 Cir., 275 F.2d 144; Ryan v. Denver Union Terminal Ry. Co., 10 Cir., 126 F.2d 782.

■■ Nor is there merit to the contention that the judgment of the court exceeded the scope of the pre-trial order. The trial of preliminary issues in an accounting case does not of necessity merely serve as a foundation for the further trial of additional issues but can and often does serve as a determination that no other justiciable issues exist. Here, the finding of the court that the partners had, by agreement, completely terminated their affairs many years before this suit was filed is in direct accord with the pre-trial order and dissipates the issue of the right to an accounting. George v. Shepard, 117 Colo. 135, 184 P.2d 473; Gibson v. Glover, 3 Colo.App. 506, 34 P. 687; 40 Am.Jur. § 352, p. 376.

Affirmed.