REYNOLD ARTHUR TAYLOR *vs.* ANNIE W. TAYLOR, individually & as administratrix, & others. June 24, 1977. 1. The plaintiff argues that the judge before whom this case was first tried (now deceased) was not authorized to make findings with regard to whether: (1) the plaintiff and his parents ever intended to create an express or resulting trust in certain property known as the Gables Inn; (2) the mortgage and note executed by the plaintiff's parents in favor of the plaintiff represented security for money they received from him; (3) the plaintiff at any time had an ownership interest in the property in question; and (4) the defendants defrauded the plaintiff. We do not have a transcript of the evidence or a statement of the evidence or proceedings pursuant to Mass.R.A.P. 8(c), 365 Mass. 850 (1974), which would aid us by shedding light on just which matters were litigated. From our reading of the plaintiff's bill to reach and apply and from our examination of the interlocutory decree setting forth the issue to be decided by the judge and his findings of material facts and order for decree, it is our view that the judge's findings were sufficiently pertinent to that issue. See G. L. c. 214, § 23, as in effect prior to July 1, 1974, and Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974). Contrast *Simpson* v. *Simpson,* 311 F.2d 770, 771 (10th Cir. 1962), with *Twin City Fed. Sav. & Loan Assn.* v. *Transamerica Ins. Co.* 491 F.2d 1122, 1126 (8th Cir. 1974). 2. The second judge, before whom the remaining issues in this case were tried, could therefore properly adopt the findings of the first judge. Compare Restatement (Second) of Judgments §§ 68 (Tent. Draft No. 4, 1977) and 41, comment (g) (Tent. Draft No. 1, 1973), with *Home Owners Fed. Sav. & Loan Assn.* v. *Northwestern Fire & Marine Ins. Co.* 354 Mass. 448, 455 (majority opinion), 458 (Kirk, J., dissenting) (1968). 3. Even if we assume that the first judge's findings on these issues were outside the scope of the issue to be decided so that the second judge erred in adopting them as part of his findings, the material facts found by the second judge are sufficient to support his conclusion that the parties did not intend to establish an express or resulting trust. See *Ross* v. *Ross,* 2 Mass. App. Ct. 502-508 (1974), cert. den. 420 U. S. 947 (1975). Contrast *Murphy* v. *McKenzie,* 1 Mass. App. Ct. 553, 555-556 (1973). Furthermore, as the evidence at