COMMONWEALTH *vs.* WAGNER MARTINEZ.

No. 11-P-275.

Suffolk. November 8, 2011. - April 18, 2012.

Present: RAPOZA, C.J., MILLS, & GRAHAM, JJ.

*Alien. Constitutional Law,* Assistance of counsel. *Due Process of Law,* Assistance of counsel. *Practice, Criminal,* Assistance of counsel, Plea.

A Boston Municipal Court judge erred in denying a criminal defendant's motion for a new trial, in which the defendant sought to vacate a guilty plea on the ground that he received ineffective assistance of counsel due to his attorney's failure to advise him of the adverse immigration consequences of his guilty plea, where the defendant offered strong evidence suggesting that a different plea bargain could have been negotiated, which, if credited, satisfied his burden of demonstrating prejudice. [598-600]

COMPLAINT received and sworn to in the West Roxbury Division of the Boston Municipal Court Department on March 18, 1997.

A motion to withdraw a plea of guilty and to vacate judgment, filed on May 27, 2010, was heard by *Kathleen E. Coffey,* J.

*M. Page Kelley* for the defendant.

*Cailin Campbell,* Assistant District Attorney, for the Commonwealth.

MILLS, J. On July 1, 1997, the defendant, a legal permanent resident of the United States, pleaded guilty in Boston Municipal Court to distribution of a class B substance ultimately resulting in his deportation. After his arrest for illegal reentry in February, 2010, he moved for a new trial on the 1997 drug charge. Relying on *Padilla* v. *Kentucky,* 130 S. Ct. 1473 (2010), he argued that he received ineffective assistance of counsel due to his attorney's failure to advise him of the adverse immigration consequences of his guilty plea. The judge agreed that counsel

provided the defendant with constitutionally deficient advice, but denied his motion because he did not satisfy the prejudice prong of the *Padilla* analysis.[1] The judge denied the defendant's motion for reconsideration without further explanation. The defendant now appeals denial of both his motion for new trial and his motion for reconsideration. While the consolidated appeal was pending, the Supreme Judicial Court in *Commonwealth v. Clarke*, 460 Mass. 30 (2011), held that *Padilla* applies retroactively, and clarified the analysis for the prejudice prong. Because the judge did not have the benefit of *Clarke* when considering the defendant's motion, and therefore applied an incorrect legal standard to the prejudice analysis, we reverse and remand for a new hearing on the motion for new trial.

*Facts.* The following facts are apparent from the record. On the evening of March 17, 1997, the defendant sold $140 of powder cocaine to an undercover police officer in the Roslindale section of Boston. Shortly thereafter, the defendant was stopped by police and found in possession of the $140. On March 18, he was charged with distributing a class B substance in violation of G. L. c. 94C, § 32A. On July 1, 1997, he pleaded guilty to the charged offense and was sentenced to two years in the house of correction, suspended for two years. This guilty plea rendered the defendant immediately and permanently deportable. He was removed to the Dominican Republic on October 2, 2003.[2] The defendant's attorney knew he was a legal permanent resident,

---

[1]"Whether [the defendant] is entitled to relief on his [ineffective assistance of counsel] claim will depend on whether he can satisfy *Strickland*'s second prong, prejudice." *Padilla, supra* at 1483-1484. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland* v. *Washington*, 466 U.S. 668, 694 (1984). But see *Hill* v. *Lockhart*, 474 U.S. 52, 58-59 (1985) ("In the context of guilty pleas, . . . in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial").

[2]The defendant's conviction of distribution of a class B substance qualifies as an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(B), and a "controlled substance offense" which renders an alien "deportable" under 8 U.S.C. § 1227(a)(2)(B)(i). In *Padilla, supra* at 1483, which dealt with virtually the same facts, the Supreme Court noted that, in practice, conviction of a controlled substance offense makes deportation "presumptively mandatory." Further, conviction of an aggravated felony prevents a defendant from petitioning for

but was unaware of the immigration consequences of a guilty plea, and apparently told the defendant that he was unlikely to be deported.[3]

In 2007, the defendant reentered the United States illegally. In February, 2010, he was stopped by police and arrested on a District Court warrant for document fraud (a false driver's license). He was charged in United States District Court with illegal reentry of a deported alien, and is currently held in Federal custody on that charge.

The defendant has also presented the following facts, which, if true, are material to the prejudice analysis.[4] The defendant was seventeen years old in 1997, with no prior criminal history or disciplinary troubles. Earlier in the year, he experienced a traumatic fire at a relative's house, which killed three people. The defendant escaped through a window with an infant in his arms, and suffered injuries that required hospitalization for a week. He watched his brother-in-law burn to death while begging for help and calling the defendant's name. The defendant

_____

cancellation of removal. 8 U.S.C. § 1229b(a)(3). Conviction of a lesser offense would permit a cancellation petition. The defendant asserts in his brief that he was an excellent candidate for cancellation under the statutory factors, 8 U.S.C. § 1229b(b)(1), and the traditional hardship factors. See *Matter of Edwards*, 20 I. & N. Dec. 191, 195 (BIA 1990) (listing potential factors weighing in favor of cancellation, including family ties within the United States, "residence of long duration" in the United States, "a history of employment," and proof of genuine criminal rehabilitation). While there are no facts properly established in the record that would permit evaluation whether the defendant was a good candidate for cancellation, we consider the opportunity for such a petition, in the circumstances of this case, to be a serious benefit.

[3]The defendant asserted these facts through affidavits supporting his motion for new trial. The judge did not address these affidavits in her findings, but did rule that the defendant's attorney did not sufficiently inform his client of the immigration consequences of his guilty plea. We therefore assume that the judge credited the defendant's affidavits to the extent they described the nature of the attorney's immigration advice (or lack thereof). Although it does not affect our analysis, we note that the plea judge certified that he gave the defendant his statutory immigration warnings prior to accepting his change of plea.

[4]The defendant has asserted these facts in piecemeal through the initial motion for new trial, the motion to reconsider, and the appellate brief. As the Commonwealth notes in its brief, the defendant obtained new counsel between the initial motion for new trial and the motion to reconsider. The Commonwealth has neither admitted nor contested these facts on appeal, but has acknowledged that "[t]he revised affidavits change the defendant's case considerably."

became despondent and depressed, began using drugs, and was arrested shortly thereafter. The defendant's extended family has been present in the United States since before his original arrest and deportation. Since his reentry, he has had three children and has obtained a job to support them.

*Procedural history.* The defendant, relying on *Padilla,* moved for a new trial on May 27, 2010, based on ineffective assistance of counsel.[5] Mass.R.Crim.P. 30(b), 435 Mass. 1501 (2001). After a brief hearing, the judge concluded that the defendant had received constitutionally deficient counsel under the *Padilla* standard but had not proved the required prejudice, and therefore, the judge denied the motion. The judge found no prejudice because the Commonwealth's case was strong and the defendant could not prove that the ultimate outcome (a conviction) would have been different if he had gone to trial. The judge did not consider the possible negative impact of counsel's incompetence on the defendant's plea negotiation. The defendant filed a timely notice of appeal from that decision.

The defendant then obtained new counsel, who filed a motion for reconsideration, arguing that the judge applied the wrong legal standard for prejudice in light of *Padilla.* The defendant argued that he had to prove only that he would not have accepted the plea, rather than proving he would not have been convicted at trial. The judge denied the motion "for the reasons previously stated." Both appeals (from the original motion and the motion for reconsideration) are consolidated here.[6]

*Discussion.* On review of a rule 30(b) motion for new trial,

---

[5]This is the defendant's third motion for new trial. The first two were filed in 2002 and 2003 when the defendant was facing his original deportation, prior, of course, to *Padilla.*

[6]The Commonwealth argues that the motion for reconsideration is not properly before this court because that motion was not filed within the thirty-day time limit for the notice of appeal of the original decision. We are persuaded by the defendant's argument that the time limit does not apply, because the motion for reconsideration could have been brought alternatively as a successive motion for new trial. See *Commonwealth* v. *Gilbert,* 447 Mass. 161, 167 (2006) ("Because the defendant's motion for a new trial could have been filed [either way], and '[n]othing of consequence turn[ed] on this difference,' we treat the motion ' "according to [its] nature and substance" rather than [its] technical form.' " [citations omitted]). Motions for a new trial under rule 30(b) have no time limit. Mass.R.Crim.P. 30(b), as appearing in 435 Mass. 1501 (2001) ("The trial judge . . . may grant a new trial *at any time* if it

we "examine the motion judge's conclusion only to determine whether there has been a significant error of law or other abuse of discretion." *Commonwealth* v. *Grace*, 397 Mass. 303, 307 (1986). The defendant has argued that the judge made a significant error of law, and in light of *Clarke*, *supra*, we agree.

To succeed on an ineffective assistance of counsel claim, a defendant must first show "serious incompetency, inefficiency, or inattention of counsel." *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974). The parties do not dispute that the judge correctly found that the first prong was met, and that under *Padilla*, the defendant received ineffective assistance of counsel.

Once counsel's error has been established, the defendant must also show that "the consequence of counsel's serious incompetency [was] prejudicial." *Clarke*, *supra* at 47. For a general ineffective assistance of counsel claim, prejudice is defined as "a 'reasonable probability' that 'but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Ibid.*, quoting *Commonwealth* v. *Mahar*, 442 Mass. 11, 15 (2004), quoting *Strickland* v. *Washington*, 466 U.S. 668, 694 (1984). The judge applied this standard and found no prejudice, noting that the Commonwealth's case was strong, and that the defendant could not show the result of the *trial* would have been different.

The *Strickland* language requiring evidence of a different trial outcome does not apply, however, in the context of plea negotiations. *Hill* v. *Lockhart*, 474 U.S. 52, 59-60 (1985). "In the context of a guilty plea, in order to satisfy the 'prejudice' requirement, the defendant has the burden of establishing that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " *Clarke*, *supra* at 47, quoting *Hill*, *supra* at 59.

> "At a minimum, . . . the defendant must aver that to be the case. *Hill*, *supra* at 60. In addition, he must 'convince the court that a decision to reject the plea bargain would have been rational under the circumstances.' *Padilla*, [130

appears that justice may not have been done" [emphasis added]). Further, even if the motion for reconsideration were not properly before us on appeal, the defendant filed a timely notice of appeal from the denial of the original motion for new trial, and that appeal is therefore properly before us.

S. Ct.] at 1485. To prove the latter proposition, the defendant bears the substantial burden of showing that (1) he had an 'available, substantial ground of defence,' *Commonwealth* v. *Saferian, supra* at 96, that would have been pursued if he had been correctly advised of the dire immigration consequences attendant to accepting the plea bargain; (2) there is a reasonable probability that a different plea bargain (absent such consequences) could have been negotiated at the time; or (3) the presence of 'special circumstances' that support the conclusion that he placed, or would have placed, particular emphasis on immigration consequences in deciding whether to plead guilty. *Hill, supra.*" (Footnotes omitted.)

*Clarke*, 460 Mass. at 47-48. The defendant does not argue that he had an available, substantial ground of defense, but he has offered evidence suggesting that a different plea bargain could have been negotiated, and that he placed particular emphasis on immigration consequences in deciding whether to plead guilty. If the judge concludes that the defendant's evidence on either of these points is credible, the defendant has met his burden of demonstrating prejudice under *Clarke. Ibid.*

The defendant has offered strong evidence through his affidavits that there was a reasonable probability that a different plea bargain could have been negotiated. The Supreme Judicial Court adopted *Padilla*'s expanded discussion on the availability of other plea bargains, noting that "including deportation consequences in the plea bargaining process . . . 'may well [create] agreements that better satisfy the interests of both parties.' " *Clarke, supra* at 47, n.18, quoting *Padilla, supra* at 1486. Further, "[c]ounsel who possess the most rudimentary understanding of the deportation consequences of a particular criminal offense may be able to plea bargain creatively with the prosecutor in order to craft a conviction and sentence that reduce the likelihood of deportation." *Ibid.*

*Conclusion.* The order denying the motion for new trial is reversed, and the case is remanded for further proceedings consistent with this opinion.

*So ordered.*