SUPERIOR COURT 
 
 JARRET MCGILLOWAY AND LINDA ESTRELLA, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED v. SAFETY INSURANCE COMPANY / ADAM ERCOLINI, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED v. THE COMMERCE INSURANCE COMPANY

 
 Docket:
 1784CV02089-BLS2 / 1884CV01627-BLS2
 
 
 Dates:
 May 31, 2024
 
 
 Present:
 Kenneth W. Salinger
 
 
 County:
 SUFFOLK
 

 
 Keywords:
 DECISION AND ORDER DENYING MOTIONS TO AMEND THE OPERATIVE COMPLAINTS
 
 

 Jarret McGilloway, Linda Estrella, and Adam Ercolini seek to represent plaintiff classes to press claims that Safety Insurance Company and the Commerce Insurance Company allegedly committed breaches of contract, and engaged in unfair insurance settlement practices, by not paying every potential class member for lost resale value that their motor vehicle allegedly suffered after being damaged in a collision and then fully repaired. The kind of loss that plaintiffs seek to recover is known as “inherent diminished value” or “IDV.” See McGilloway v. Safety Ins. Co., 488 Mass. 610, 611 & n.4 (2021).
Earlier in these proceedings, the Supreme Judicial Court determined that the 2008 standard Massachusetts automobile insurance policy required insurers to pay third-party collision damage claims “for IDV to vehicles that are damaged and subsequently repaired, provided that the claimant establishes both (1) that his or her vehicle suffered IDV, and (2) the amount of IDV damages owed to him or her.” Id. at 611. “In short, if a third-party claimant’s vehicle suffers IDV even after it is fully repaired, then under part 4 of the standard policy, the insurer may be liable to the claimant for IDV damages so that he or she may be ‘made whole’ once again.” Id. at 614–615.
After this SJC decision, the Court denied motions for class certification because it found, based on its evaluation of expert opinions submitted by each side, that liability must be determined separately for every putative class member. Unhappy with that result, Plaintiffs propose a different class definition and
 
                                                            -1-
 
seek to introduce a new expert opinion; they contend that class certification is appropriate based on this new definition and evidence.
Though the Plaintiffs styled their motions as seeking to leave to amend their complaints for a second or third time, in reality the motions are seeking reconsideration as to class certification. The Court will treat the motions as seeking reconsideration and deny them for two reasons. First, Plaintiffs have not shown there is any reason to revisit the Court’s prior ruling. Second, the conclusory expert opinions that they seek to submit are not supported by any analysis, study, data, or evidence of any kind.
In any case, the Court would deny the motions even if it were to treat them as motions to amend, because the proposed amendments would be futile in light of the defects in the expert opinions that they seek to introduce.
1. Prior Denial of Class Certification. In their current complaints, Plaintiffs sought to represent classes of people who (i) owned vehicles that suffered at least $500 in property damage as a result of a collision with a vehicle that was insured, or whose driver was insured, by Safety Insurance Company or Commerce Insurance Company, and (ii) did not receive any IDV damage payment from Safety or Commerce. They sought to represent the proposed classes with respect to claims for breach of contract under the governing insurance policies and for violating G.L. c. 93A by allegedly engaging in unfair claims settlement practices in violation of G.L. c. 176D.
The Court denied Plaintiffs’ motions for class certification because it found “that individualized inquiry would be required for each member of the proposed classes to determine whether their damaged vehicle suffered any uncompensated IDV loss, and thus to determine whether Safety or Commerce is liable to that class member for breach of contract or for violating G.L. c. 93A and G.L. c. 176D.” The Court also found “that individualized proof, analysis, and findings would be required to determine whether any putative class member’s vehicle suffered some amount of IDV and, if so, how much.”
The Court made these findings after crediting the sworn testimony by Commerce’s valuation expert, Philip Ibrahim, that:
o If a vehicle is involved in a collision, suffers damage, and then is fully repaired, determining whether the vehicle’s resale market value is less than it would have been immediately before the collision
 
                                                            -2-
 
requires detailed and individualized analysis of many factors, including—
* the nature and severity of the damage and the quality of the repairs;
* whether the vehicle had a prior accident history;
* in what manner the vehicle is to be sold after being repaired (e.g., private sale, retail sale, trade-in);
* the general class of vehicle   (e.g., inexpensive sedans, minivans, high-end luxury vehicles, etc.); and
* the market segment of buyer involved in any subsequent sale.
o Many vehicles that are damaged in a collision and then are fully- repaired do not suffer any IDV, but instead are worth just as much and sometimes even more after being repaired than they were worth before the collision.
o For example, after Adam Ercolini’s 2010 Honda Accord was damaged in a collision and then repaired it was worth at least the same as, if not more than, it was worth immediately before the collision.
In its prior decision, the Court explained that it did “not credit the unexplained opinion of plaintiffs’ expert, Paul Amoruso, that any IDV damages can be determined using nothing but a standard vehicle valuation guide (like the one published by the National Automobile Dealers Association) and the damage appraisal report for each vehicle.” Instead, the Court credited “Mr. Ibrahim’s testimony about the many additional factors that would have to be considered on an individual basis to determine whether any damaged and repaired vehicle suffered IDV and, if so, to what extent.”
The Court also found that, “even if Mr. Amoruso were correct in suggesting that each IDV analysis could be much simpler than Mr. Ibrahim describes, … that would not change the fact that liability cannot be determined on a class- wide basis and instead would have to be decided individually for the tens of thousands or hundreds of thousands of members of each proposed class.”
And the Court made a concluding finding “that the evidence presented in connection with the class certification motions confirms that, as the SJC noted
 
                                                            -3-
 
earlier in this case, ‘individualized proof is required to demonstrate that a given automobile has sustained some form of diminished value due to a collision or vehicular accident, even after  repairs  are  made.’ ”  McGilloway,  488  Mass.  at 617–618.
Based on those findings, the Court ruled that class certification was not appropriate in either of this civil actions.
It ruled that, “[b]ecause the issue of liability requires individualized proof and cannot be decided on a class wide basis,” it follows “that common issues do not predominate over individual ones, a class action is not superior to individual adjudication of claims, and denial of class certification is therefore appropriate.”
And the Court added, with respect to the c. 93A claims, that “because individualized inquiry would be needed to determine which class members suffered injury as a result of Safety’s or Commerce’s failure to compensate them for IDV, class certification is inappropriate under c. 93A for the further reason that not all class members were subjected to similar unfair or deceptive conduct and suffered similar injuries.”
2. Treating New Motions as Seeking Reconsideration. Though Plaintiffs filed motions that they styled as seeking to amend their complaints to make new allegations in support of their putative class claims, in reality they merely seek reconsideration of their failed class certification motions based on a new expert affidavit.
2.1. The Proposed New Complaints. The McGilloway plaintiffs seek leave to file a fourth amended complaint. Adam Ercolini seeks leave to file a third amended complaint.
The Plaintiffs have filed their motions to amend in order to put before the Court new expert affidavits by Robert Collins, who appraises damaged and repaired vehicles. These affidavits are attached to and thus incorporated by reference into the proposed new complaints.
In both affidavits, Collins opines that IDV can be determined by consulting standard vehicle valuation guides, local market value data, and current auction results, and considering several other factors.
In the last paragraph of each affidavit, Collins concludes—without explanation—that “every vehicle” that meets certain criteria has suffered IDV
 
                                                            -4-
 
damage. But he states these criteria differently in each case. In the McGilloway affidavit, Collins asserts that:
Every vehicle that is less than six (6) years old, that suffers more than $5,000 in property damage suffers IDV damage.
In the Ercolini affidavit, Collins asserts that:
Every vehicle whose model year is less than six (6) years old at the time of the accident, that suffers more than $5,000 in property damage suffers IDV damage.
Collins changed this second affidavit after Commerce pointed out, in its opposition to Ercolini’s original motion to further amend his complaint, that Ercolini’s vehicle was more than six years old at the time of his accident.
The proposed new complaints would revise the prior proposed class definitions to match Collins’ conclusions. The McGilloway plaintiffs seek to limit their class definition to claimants whose vehicle required more than $5,000 in repairs and was no more than six years old at the time of the collision. Mr. Ercolini seeks to limit his class definition to claimants whose vehicle required more than $5,000 in repairs and “whose vehicle’s model year” was no more than six years old at the time of the collision.
In addition, the proposed new complaints would add another c. 93A claim based on an alleged violation of G.L. c. 176D, § 3(9)(f) for not paying IDV damages after liability allegedly had become reasonably clear. The new claim is based on existing allegations that in March 2022, after the SJC’s ruling in these cases, Plaintiffs sent demands for class-wide relief to Commerce and Safety and neither insurer agreed to pay IDV damages to all putative class members.
2.2. Substance of the Motions. The proposed new complaints repeat several of the paragraphs from the accompanying Collins affidavit, but would not add any factual allegations that have any bearing on whether liability could be decided on a class-wide basis. Plaintiffs are seeking to add these allegations solely to get the Court to reconsider its prior denial of class certification in light of the new Collins affidavit.
Nor does the proposed new claim under c. 93A rely on any new factual allegations; the allegations that Plaintiffs’ counsel sent new demand letters in March 22 and that Commerce and Safety declined to offer payments to all putative class members appear in the current complaints. Instead, the viability
 
                                                            -5-
 
of the proposed new complaint turns on whether the Court will reconsider and reverse its prior denial of class certification. As discussed below, if the Court does not do so then its prior conclusion that liability must be determined on an individual basis is law of the case and effectively bars (or at least would make futile) the proposed new claim that liability was reasonably clear as to every proposed class member.
The Court will therefore treat the motions as seeking reconsideration. See Littles v. Commissioner of Correction, 444 Mass. 871, 878 (2005) (judge properly treated “renewed” motion for summary judgment as motion for reconsideration); see also Stilian v. GTC Corp., 17 Mass. App. Ct. 953, 953 (1983) (“We treat the motion for reconsideration as if labelled consistently with its obvious purpose, that is, as if brought under Mass. R. Civ. P. 60(b)(1) or (6), or both.”).
However a motion is styled, a court should “treat the motion ‘according to [its] nature and substance rather than [its] technical form.’ ” Commonwealth v. Martinez, 81 Mass. App. Ct. 595, 598 n.6 (2012) (cleaned up), quoting Commonwealth v. Gilbert, 447 Mass. 161, 167 (2006). “[T]he label attached to a pleading or motion is far less important than its substance.” Lambley v. Kameny, 43 Mass. App. Ct. 277, 280 (1997); accord Smith & Zobel, 6 Mass. Practice, Rules Practice 2d ed. § 7.11 (1996) (“If a paper is incorrectly labeled, the court will ignore the label and treat the paper, according to its substance, as if properly labelled. Substance is far more important than form.”); see also O’Connor v. Boeing North American, Inc., 2004 WL 5532395, at *8 (C.D. Cal. Aug. 2, 2004) (Tevrizian, J.) (“If it walks like a duck and talks like a duck—it is a duck— irrespective of the label on the motion and arguments.”).
Here, the substance of the purported motions to amend is to ask the Court to reconsider its prior rulings as to class certification. That is how the Court will treat both motions.
3. Denial of Reconsideration.
3.1. No change in Circumstances. The Plaintiffs have not identified any change of circumstances that would justify revisiting the Court’s prior findings and rulings that class certification is inappropriate because individualized determinations of liability are required for each proposed class member. “Where there has been no change of circumstances,” as in this case, “a court or judge is not bound to reconsider a case, an issue, or a question of fact or law, once decided.” Town of Dartmouth v. Greater New Bedford Regional Vocational
 
                                                            -6-
 
Technical High School District, 461 Mass. 366, 368 n.4 (2012), quoting Peterson v. Hopson, 306 Mass. 597, 599 (1940). Nor has the Trustee identified any error in the Court’s decision.
Therefore, in the exercise of its discretion, the Court declines to reconsider its prior denials of class certification. See Powell v. Stevens, 69 Mass. App. Ct. 87, 92 & n.8 (2007) (judge has “broad discretion” not to reconsider prior rulings).
There is no reason why the Plaintiffs could not have proposed the revised class definitions in response to the insurers’ legal memoranda opposing class certification, or presented the Collins affidavit in support of their prior motions for class certification. The Plaintiffs had retained Collins long before then.
That the Plaintiffs are disappointed with the Court’s decision, and now want to submit a new expert opinion that they could have but failed to present before the Court denied class certification, is not a valid basis for seeking reconsideration. A motion for reconsideration is not an occasion “ ’to raise new arguments inspired by a loss before the motion judge’ [or] tender new legal theories for [the] first time.” Commissioner of Revenue v. Comcast Corp., 453 Mass. 293, 312 (2009), quoting Commonwealth v. Gilday, 409 Mass. 45, 46 n.3 (1991).
Court hearings on significant motions are not “dry runs” or “dress rehearsals;” losing parties are not entitled to “do-overs” where they present different evidence or arguments. Cf. Commonwealth v. Pagan, 73 Mass. App. Ct. 369, 375 (2008); accord Liberty Square Development Trust v. City of Worcester, 441 Mass. 605, 611 (2004).
Since the Plaintiffs present “no evidence or argument that could not have been presented” before the Court decided the motions for class certification, and instead “merely seek[] … a second bite at the apple,” the Court—in the exercise of its discretion—declines to reconsider its prior decision. See Blake v. Hometown America Communities, Inc., 486 Mass. 268, 278 (2020) (affirming denial of reconsideration), quoting Liberty Square Development, supra (same).
3.2. Inadmissible Expert Opinion. In any case, the new Collins affidavit puts forth a conclusory opinion that is not tethered to any analysis, study, or discernable methodology. It provides no basis for the Court to reconsider and change its prior findings.
A proponent of expert opinion evidence “must establish five foundational requirements before expert testimony will be admitted:” (1) the expert testimony will assist the trier of fact; (2) the witness is qualified as expert in the
 
                                                            -7-
 
relevant area of inquiry; (3) the expert’s opinions are based on facts or data reasonably relied upon by experts in the relevant field (4) the process or theory underlying the opinion is reliable; and (5) the process or theory is applied to facts of case in reliable manner. Commonwealth v. Barbosa, 457 Mass. 773, 783 (2010).
“[A] trial judge … has broad discretion to determine how to assess the reliability of expert testimony,” and may opt to do so on the parties’ written submissions without conducting an evidentiary hearing if there is no apparent need for one. Palandjian v. Foster, 446 Mass. 100, 111 (2006).
“Expert opinion testimony may be excluded ‘where it amounts to no more than mere speculation or a guess from subordinate facts that do not give adequate support to the conclusion reached.’ ” Commonwealth v. Rintala, 488 Mass. 421, 444 (2021), quoting Aleo v. SLB Toys USA, Inc., 466 Mass. 398, 406 (2013). That is because “an opinion must rest on evidence or data that provide ‘a permissible basis’ for an expert to formulate an opinion.” Barbosa, 457 Mass. at 790, quoting Department of Youth Servs. v. A Juvenile, 398 Mass. 516, 531 (1986).
In other words, “[a]n expert should not be permitted to give an opinion that is based on conjecture or speculation from an insufficient evidentiary foundation.” Minkina v. Frankl, 86 Mass. App. Ct. 282, 292 (2014) (expert opinion properly struck as speculative), quoting The Van Brode Group, Inc. v. Bowditch & Dewey, 36 Mass. App. Ct. 509, 520 (1994).
Yet that is exactly what Mr. Collins tries to do in his new affidavits.
Collins asserts that “every vehicle” that suffered more than $5,000 in property damage in a collision, and that either is less than six years old (if the damage was caused by a Safety insured) or is of a model year that is less than six years old (if the damage was caused by a Commerce insured), always “suffers IDV damage.”
This conclusion is not tethered to anything. It appears to be completely arbitrary. Collins does not say he undertook any analysis that would support this opinion. He does not contend that he reviewed credible studies by others that reach this conclusion. Collins points to no data or evidence of any kind that might conceivably support his opinion. It appears that Collins adopted a conclusion to support Plaintiffs’ quest for reconsideration of class certification without being able to identify any data or other evidence to support it.
 
                                                            -8-
 
The Court finds that the new opinion by Mr. Collins is inadmissible, is entitled to no weight, and therefore would not alter the Court’s prior decision denying class certification.
4. Futility of Proposed Amendment. If the Court were to treat the pending motions as motions to amend the complaints, rather than as motions for reconsideration, it would still deny them both because the proposed amendments would be futile. “Courts are not required to grant motions to amend prior complaints where ‘the proposed amendment ... is futile.’ ” Johnston v. Box, 453 Mass. 569, 583 (2009), quoting All Seasons Servs., Inc. v. Commissioner of Health & Hosps. of Boston, 416 Mass. 269, 272 (1993)).
Since there is no reason to reconsider the Court’s prior findings and conclusions that individualized determinations of liability are necessary and class certification is therefore appropriate, those findings and rulings operate as law of the case. Though a trial judge is free to reconsider prior rulings in a case before final judgment enters, “there is no duty to reconsider a case, an issue, or a question of fact or law, once decided.” Salter v. Scott, 363 Mass. 396, 402 (1973), quoting Peterson v. Hopson, 306 Mass. 597, 601 (1940). A judge may rely upon prior rulings “as the law of the case.” Shine v. Campanella & Cardi Const. Co., 342 Mass. 150, 152 (1961). That principle applies with full force to prior findings of fact. See Taylor v. Taylor, 5 Mass. App. Ct. 844, 844 (1977) (rescript) (trial court judge may adopt findings made at earlier stage of civil action to the extent that prior findings are “sufficiently pertinent” to issues that still must be decided)
It would be futile to amend the proposed class definition and class allegations, now that the Court has declined to revisit its prior rulings and findings that no class should be certified because whether any proposed class member’s vehicle suffered IDV damages must be determined individually, one claim at a time.
It would similarly be futile to add a new claim under G.L. c. 93A asserting that Commerce and Safety were required to make settlement offers to all proposed class members because their liability to pay IDV damages is reasonably clear in every case. Since the Court has determined that liability cannot be determined on a class-wide basis, it follows that Commerce and Safety acted reasonably in determining that class-wide liability was not reasonably clear.
 
                                                            -9-
 
ORDERS
Plaintiffs’ motions to amend the operative complaints are denied.
A final pre-trial conference will be held  on  August  7,  2024,  at  2:00  p.m.  The parties shall file their joint pretrial memorandum by noon on Friday, August 2, 2024.